JOSEPHINE M. DRUMMY, Respondent, v. ELI J. OXMAN, Appellant.— Action to recover damages for personal injuries brought by a resident of Connecticut against a resident of New York, arising out of an automobile accident in Connecticut. Defendant appeals from an order denying his motion to dismiss the complaint on the ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon. The appeal insofar as the motion was based on the ground that there was another action pending has been abandoned. Order affirmed, with $10 costs and disbursements. Connecticut has a one-year Statute of Limitations for negligence actions. (Gen. Stat. of Conn. [Revision of 1949], § 8324.) The accident happened on December 21, 1950. The action was commenced in New York by delivery of process to the Sheriff of Westchester County on December 19, 1951. (Civ. Prac. Act, § 17.) Personal service was effected by the Sheriff on January 3, 1952. Connecticut does not have a statute similar to section 17 of the Civil Practice Act. In that State the time when the action is regarded as having been brought is the date of service of the writ on defendant. (*Consolidated Motor Lines* v. *M & M Transp. Co.*, 128 Conn. 107.) Although the Connecticut Statute of Limitations is applicable to this action (Civ. Prac. Act, § 13), the method prescribed by Connecticut statute for the commencement of an action (§ 7773) is not an integral part of the Connecticut Statute of Limitations and, therefore, the time at which the action is deemed commenced under the law of New York governs. (*Isaacks* v. *Jeffers*, 144 F. 2d 26, certiorari denied 323 U. S. 781; *Collins* v. *Manville*, 170 Ill. 614; *Bond* v. *Pennsylvania R. R. Co.*, 124 Minn. 195.) Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ., concur. [See *post*, p. 893.]

■

FROST SAND & GRAVEL CORP., Respondent, v. JACK FRATIANNI, Appellant.— In an action to recover damages for breach of contract, order granting plaintiff's motion to quash and vacate a subpoena duces tecum affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ., concur.

■

In the Matter of the Arbitration between AMERICAN SAFETY RAZOR CORPORATION, Respondent, and AMALGAMATED MACHINE, INSTRUMENT AND METAL LOCAL 475 OF THE UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA, Appellant.— Order, insofar as it grants petitioner's motion to vacate an arbitrator's award, affirmed, with $10 costs and disbursements. The arbitrator directed that one of petitioner's employees, who had been discharged for violation of a company rule, found by the arbitrator to be reasonable, be offered reinstatement on a day four months after the date of such discharge. In so directing the arbitrator acted beyond the scope of the submission and in violation of the express agreement of the parties, in which provision is made for arbitration. Petitioner, by permitting the employee to return to work as provided in the award, did not waive its rights to contest the award nor thereby make moot the question raised by such contest. The reinstatement was not made until after petitioner had announced its intention to contest the award and after respondent had threatened to call a strike if the reinstatement were not made. Carswell, Acting P. J., Johnston, Wenzel, MacCrate and Schmidt, JJ., concur.