**MYERS et al. v. SLOTKIN.**
Civ. No. 12669.

United States District Court
E. D. New York.

Sept. 29, 1952.

Alexander & Keenan, New York City, Francis E. Carberry, New York City, of counsel, for plaintiffs.

Thomas F. Keane, Brooklyn, N. Y., A. Paul Goldblum, Elmhurst, N. Y., of counsel, for defendant.

GALSTON, District Judge.

From the complaint it appears that on June 3, 1951 the infant-plaintiff suffered injuries as the result of the alleged negligence of the defendant in an automobile collision.

The motion of the plaintiffs seeks an order pursuant to Rule 12(f) and (h) of the Federal Rules of Civil Procedure, 28 U.S. C.A., to dismiss the second and complete defense of the answer on the ground that it fails to state a legal defense.

The defense attacked alleges that the accident occurred in the State of Connecticut; that the defendant is a resident of the State of New York; that the statutes of the State

of Connecticut require that an action of this nature be commenced within one year after the accrual of the alleged cause of action; that the summons and complaint in the action were not served until July 8, 1952; and that by virtue of the Connecticut statute of limitations the plaintiffs are barred from the prosecution of this action.

The plaintiffs all reside in Springfield, Massachusetts, and the jurisdiction of this court is based, therefore, upon diversity of citizenship. The complaint was filed in this court on May 29, 1952, and a summons issued forthwith. It is alleged that the summons, together with a copy of the complaint, were delivered to the United States Marshal for the Eastern District of New York on June 1, 1952 for service upon the defendant; that at the time, the requisite fees of filing the complaint and the services of the marshal were paid. However, despite repeated efforts by the deputy United States Marshal to effect service on the defendant at his home, such service was not effected until July 8, 1952.

The plaintiffs rely upon Rule 3 of the Federal Rules of Civil Procedure, which states that: "A civil action is commenced by filing a complaint with the court." Plaintiffs argue, therefore, that while it is conceded that the law of Connecticut controls as to the time within which an action must be commenced, the manner and method of serving process relate to procedure and are governed by the law of the forum. That position, in terms, is perhaps stated too broadly.

In Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520, on which the defendant relies, following Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, we find a set of facts very similar indeed to those presented on this motion. That case involved a highway accident which occurred on October 1, 1943. The action was instituted by the filing of the complaint in the United States District Court on September 4, 1945. The summons was issued and service was had on defendant on December 28, 1945. Jurisdiction was based on diversity of citizenship. It appeared that Kansas has a two-year statute of limitations applicable to such tort claims. The statute was pleaded as a defense. The petitioner claimed, as here, that the filing of the complaint tolled the statute. The defendant's position was that by reason of the Kansas statute, the action was not tolled until service of the summons, as is contended by the defendant here. The Supreme Court held that "local law created the right which the federal court was asked to enforce" [337 U.S. 530, 69 S.Ct. 1235] and that "local law undertook to determine the life of the cause of action. We cannot give it longer life in the federal court than it would have had in the state court without adding something to the cause of action. We may not do that consistently with Erie R. Co. v. Tompkins [supra]."

However, the Ragan case does not dispose of the problem presented on this motion, for in the Ragan case the action was brought in a federal district court sitting in Kansas and involved an accident occurring in Kansas; whereas the case at bar is brought in the Eastern District of New York but involves an accident which occurred in Connecticut. Thus there exists here the question of a conflict of laws which was not present in the Ragan case.

Nor in Erie R. Co. v. Tompkins, supra, was there a problem of conflict of laws considered. Undoubtedly, as is pointed out in Sampson v. Channell, 1 Cir., 110 F.2d 754, 760, 128 A.L.R. 394, certiorari denied 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415, that was so because it did not appear that the state courts of New York had a rule of conflicts different from that which the Court regarded as appropriate.

■ The problem of what conflict of laws rule the federal courts must follow in diversity cases was, however, the precise question decided in Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. The Court held that the federal courts, when deciding questions of conflict of laws, must follow the rules prevailing in the States in

which they sit. It stated, 313 U.S. at page 496, 61 S.Ct. at page 1021:

"We are of opinion that the prohibition declared in Erie R. Co. v. Tompkins * * * extends to the field of conflict of laws. The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts. * * Any other ruling would do violence to the principle of uniformity within a state upon which the Tompkins decision is based."

So it is to New York law that we must look in determining what is the applicable statute of limitations. In New York, an action to recover damages for a personal injury must be commenced within six years after the cause of action has accrued. Civil Practice Act, § 48, subd. 3. New York, however, has a "borrowing" statute of limitations where a cause of action arises outside of the state, which provides that such an action

" * * * cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, for bringing an action upon such cause of action (with an exception not applicable here)." Civil Practice Act § 13.

The cause of action here arose in Connecticut, where the relevant statute reads as follows:

"No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, * * * shall be brought but within one year from the date of the act or omission complained of, * * *." Gen. Stat. of Conn. Sec. 8324, as revised in 1949.

The applicable limitation period, therefore, is that set forth by Connecticut law. This is not disputed by the parties. There still remains, however, the question of determining when the action was "commenced". On this issue, the parties disagree. The plaintiffs contend that the provisions of the Federal Rules of Civil Procedure control as to commencement of the action. In view of Ragan v. Merchants Transfer & Warehouse Co., supra, however, it must be concluded the plaintiffs are in error. The defendant, on the other hand, contends that Connecticut law applies, to the effect that an action is deemed to commence only when service of the summons is made upon the defendant. Consolidated Motor Lines, Inc., v. M. & M. Transportation Co., 128 Conn. 107, 20 A.2d 621. In view of Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., supra, this contention must also be rejected. What must be considered is how New York's state courts have interpreted the applicable Connecticut law.

The parties have cited no decisions of the highest state court on the matter. The plaintiffs, however, rely on the recent decision of the Appellate Division of the Supreme Court of New York, 2nd Department, in the case of Drummy v. Oxman, 280 App. Div. 800, 113 N.Y.S.2d 224, 225. There, the action was one for damages for personal injuries brought by a Connecticut resident against a New York resident, arising out of an accident that occurred in Connecticut. The defendant moved to dismiss the complaint "on the ground that the cause of action did not accrue within the time limited * * * for the commencement of an action", as provided by Connecticut law. In affirming an order denying the defendant's motion, the court stated:

"Although the Connecticut Statute of Limitations is applicable to this action, Civil Practice Act, § 13, the method prescribed by Connecticut statute for the commencement of an action, § 7773, is not an integral part of the Connecticut Statute of Limitations and, therefore, the time at which the action is deemed commenced under the law of New York governs. Isaacks v. Jeffers, 10 Cir., 144 F.2d 26, certiorari denied 323 U.S. 781, 65 S.Ct. 270, 89 L.Ed. 624; Collins v. Manville, 170 Ill. 614,

48 N.E. 914; Bond v. Pennsylvania R. R. Co., 124 Minn. 195, 144 N.W. 942."

■ If the question were before this court as one of first instance, consideration would have to be given the argument that in applying the Connecticut Statute of Limitations, the court should also apply the Connecticut law determined by the highest state court there, that in tolling the Statute of Limitations, the action is deemed to commence when service is made on the defendant. However, this court is not at liberty to make any independent determination of what the state law ought to be in New York in the circumstances shown here. The Supreme Court has indicated, in a series of recent cases, that where the highest state court has not spoken in respect to state law, the federal courts are not free to choose their own rules of decision but must follow the decisions of the intermediate state courts. West v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139; Fidelity Union Trust Co. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109; Six Companies of California v. Joint Highway District No. 13 of California, 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114; Stoner v. New York Life Insurance Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284. In West v. American Telephone & Telegraph Co., supra [311 U.S. 223, 61 S.Ct. 183], the Court set forth the rule of law in the following language:

"A state is not without law save as its highest court has declared it. There are many rules of decision commonly accepted and acted upon by the bar and inferior courts which are nevertheless laws of the state although the highest court of the state has never passed upon them. In those circumstances a federal court is not free to reject the state rule merely because it has not received the sanction of the highest state court, even though it thinks the rule is unsound in principle or that another is preferable. State law is to be applied in the federal as well as the state courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply it rather then to prescribe a different rule, however superior it may appear from the viewpoint of 'general law' and however much the state rule may have departed from prior decisions of the federal courts. * * *

"Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."

Consequently, Drummy v. Oxman, supra, must be given consideration; and since the defendant has presented no reason to indicate that the Court of Appeals of New York would decide differently, the case must be regarded as expressing the law of New York in respect to the determination of when the action is deemed to commence for purposes of tolling the applicable foreign statute of limitations.

■ Section 17 of the Civil Practice Act of the State of New York provides that an attempt to commence an action is equivalent to the commencement thereof, when the summons is delivered for service to the sheriff and the same is served within sixty days after the expiration of the time limited for the actual commencement of the action by the service of the summons. The moving papers indicate that the summons, together with a copy thereof and a copy of the complaint was delivered to the Marshal for this District on June 1, 1952, and that service on the defendant was effected on July 8, 1952. June 1st is within the one year period of the Connecticut Statute of Limitations and July 8th is within the sixty days provided for in Civil Practice Act, § 17.

The defendant contends that § 17 of the Civil Practice Act has never been complied with since delivery of the summons was

made to the United States Marshal and not the sheriff. Delivery to the Marshal was necessarily required in this case, as Rule 4(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that in an action brought in a federal court, service of all process

"shall be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose * * *."

By statute, marshals of the federal courts are clothed with the same powers in executing the laws of the United States within a state as the sheriffs in such states may have in executing the laws thereof. 28 U.S.C.A. § 549.

The issue in question was before the court in Nola Electric Co., Inc., v. Reilly, D.C., 93 F.Supp. 164, certiorari denied, Reilly v. Goddard, 340 U.S. 951, 71 S.Ct. 570, 95 L.Ed. 685. In a well-reasoned opinion, Judge Ryan held that the delivery of a summons and complaint to a federal marshal with instructions to serve a defendant is equivalent to a similar call upon the sheriff to perform a like service; and that timely delivery to and service by the marshal entitled the plaintiff to the benefits of § 17 of the Civil Practice Act.

There is one final matter, perhaps only a minor one, which should be cleared up. The moving papers show that the summons and complaint were delivered to the marshal on June 1, 1952, which is a Sunday. It may well be that delivery had actually been made on Monday, June 2, and Sunday's date had been inserted on the receipt indicating delivery, by mistake. Delivery on June 2 would, of course, still bring it within the one year period of limitation. Nevertheless, this matter should be clarified.

In view of the foregoing, therefore, the plaintiff's motion is granted, on condition that the date of the delivery of the summons and complaint to the United States Marshal is explained satisfactorily. Settle order.