Mary Margaret CAHILL and George E. Cahill, Plaintiffs,

v.

ST. MARY'S HOSPITAL OF the City of BROOKLYN, Defendant.

• Civ. No. 16995.

United States District Court
E. D. New York.

Dec. 12, 1956.

John J. Tullman, New York City, for plaintiffs.

Caverly, Dimond, Dwyer & Lawler, New York City, for defendant. Abraham H. Jackness, New York City, of counsel.

GALSTON, District Judge.

This is an order to show cause why an order should not be made vacating and setting aside the service of a summons and complaint made upon the defendant, upon the ground that said summons and complaint were not personally served upon an officer or agent of the defendant authorized to accept service of process.

The action is one wherein the plaintiff, Mary Margaret Cahill, seeks damages for certain personal injuries alleged to have been sustained by her as a result of an operation which was performed on her at the defendant hospital. The plaintiff, George E. Cahill, seeks to recover for loss of services of the plaintiff, Mary Margaret Cahill, and for medical expenses incurred in her behalf.

From the allegations of the complaint, it appears that the injuries complained of resulted from an operation performed on the plaintiff, Mary Margaret Cahill, "on or about October 17, 1953." The complaint was filed with the Clerk of this Court on October 15, 1956. There is on file as part of the records of this court, a certificate of a Deputy United States Marshal, certifying that on October 16, 1956, the summons and complaint were personally served upon the defendant by leaving a copy thereof "with Sister Sydonia—Mother Superior."

It is alleged in the moving papers that the copy of the summons and complaint were served upon one Isabell Ripp, who identifies herself as a "clerk-typist." In her affidavit Isabell Ripp deposes that she is not now nor ever has been authorized to accept service of process on behalf of the defendant hospital. In its affidavit in opposition to the motion, plaintiff states that the Deputy Marshal was advised by Isabell Ripp that neither Sister Sydonia, Mother Superior, nor Sister Valenta, Administrator and Treasurer of the hospital, was available to accept service, but that she, Isabell Ripp, was authorized to accept service of process in the absence of said Sisters. It is also averred in the plaintiff's affidavit that Isabell Ripp advised the Deputy Marshal that for convenience he could certify that service was effected upon Sister Sydonia.

The defendant contends that this service was improper as not having been made upon defendant corporation's "officer, a managing or general agent," as required pursuant to Rule 4(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Subsequent to the foregoing service on October 16th, the records of this court disclose that an additional copy of the summons and complaint was served on the defendant by a Deputy United States Marshal leaving said additional copy with Sister M. Valenta, Administrator and Treasurer of the defendant hospital, on November 1, 1956. It is also to be noted that following the service of the summons and complaint on November 1st, the defendant served its answer to the complaint by mailing a copy thereof to the plaintiff's attorney on November 21, 1956.

■ By virtue of the service of the additional copy of the summons and complaint on November 1st, the defect, if any, with respect to the service of process on October 16th has been cured.

■ If the question whether the action was commenced within three years after the causes of action set forth in the complaint arose is germane on this motion, it may be noted that the summons, as well as a copy of the complaint, was delivered to the Marshal's office on October 16, 1956. Rule 3 of the Federal Rules of Civil Procedure provides that a civil action is commenced by filing a complaint with the court. Service of the additional copy of the summons and complaint was made, as already noted, on a properly authorized agent and officer of the defendant on November 1, 1956. Thus personal service was properly made within the sixty days provided for under section 17 of the New York Civil Practice Act. Nola Elec. Co. v. Reilly, D.C., 93 F.Supp. 164, certiorari denied Reilly v. Goddard, 340 U.S. 951, 71 S.Ct. 570, 95 L.Ed. 685; Myers v. Slotkin, D.C., 13 F.R.D. 191.

In view of the foregoing the motion is denied.

Settle order.