**Edward R. MAHAN et al., Plaintiffs,**

v.

**OHIO AUTO RENTALS COMPANY et al., Defendants.**

**Civ. A. No. 4843.**

United States District Court
S. D. Ohio, W. D.

Aug. 6, 1962.

Anthony J. DeCenso, Cincinnati, Ohio, for plaintiff.

Robert M. Dennis, Cincinnati, Ohio, for Ohio Auto Rentals Co.

J. A. Culbertson, Cincinnati, Ohio, for Chevrolet Motor Co.

JOHN W. PECK, District Judge.

This case is presently before us under a defendant's motion to dismiss the action on the ground that it is barred by the Statute of Limitations. Jurisdiction of this court is founded upon diversity of citizenship and plaintiffs seek to recover damages growing out of an accident which occurred in the State of Kentucky.

Section 2305.20 of the Ohio Rev.Code (generally referred to as a "borrowing" statute) provides that a cause of action arising in a foreign state must be commenced in an Ohio court within the time provided by the other state's statutes if such time limit is less than is provided for the commencement of similar causes arising in Ohio. Kentucky Rev.Statutes, Section 413.140(1) (a) has application, and provides for the commencement of such an action within a period of one year. In the present case, the Complaint was filed in this court within the one year period, but for various reasons not here material summons was not issued until after that time had run. Thus the narrow issue presented is whether, for purposes of tolling a borrowed foreign statute of limitations, the action was "commenced" when the Complaint was filed or when summons issued.

This narrow issue knifes neatly between two lines of cases, and must be resolved by a determination of whether the commencement of an action is a procedural or substantive matter.

Clearly, had this suit been brought in an Ohio state court the plaintiffs would

384

be barred. This is true because under Ohio Rev.Code, Section 2703.01 an action is commenced by filing a petition and causing a summons to be issued and Section 2305.17 requires the actual receipt of service under a sixty day saving clause provision. However, the extremely terse Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides, "A civil action is commenced by filing a complaint with the court."

The defendant's contentions with reference to Ragan v. Merchants Transfer & Warehouse Co., 170 F.2d 987 (10th Cir. 1948), aff'd, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949) to the contrary notwithstanding, as above indicated we have concluded that this is a case of first impression. In the Ragan case the district court sitting in Kansas had before it a cause of action arising in that state. The commencement provision was an integral part of the Kansas statute of limitations, and was therefore a part of the substantive state law which had to be applied under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). On the other hand, Krisor v. Watts, 61 F.Supp. 845 (E.D. Wis.1945); Robinson v. Waterman S.S. Company, 7 F.R.D. 51 (D.C.N.J.1947); Gallagher v. Carroll, 27 F.Supp. 568 (E. D.N.Y.1939); Isaacks v. Jeffers, 144 F. 2d 26 (10th Cir. 1944); International Pulp Equipment Co. v. St. Regis Kraft Co., 55 F.Supp. 860 (D.Del.1944); Glebus v. Fillmore, 104 F.Supp. 902 (D. Conn.1952); Mohler v. Miller, 235 F.2d 153 (6th Cir. 1956); and O'Leary v. Loftin, 3 F.R.D. 36 (E.D.N.Y.1942) all stand with varying degrees of persuasiveness for the proposition that the manner and method of commencing suit is procedural and, unless applicable statutes of limitations make other specific provision, is governed entirely by Rule 3. (See also 51 Harv.L.Rev. 1087, 1091 (1938)).

■ While other cases (Myers v. Slotkin, 13 F.R.D. 191 (E.D.N.Y.1952); and Yudin v. Carroll, 57 F.Supp. 793 (W.D.Ark.1944)) appear to create some doubt, it is concluded that the point here

under consideration is procedural, and, indeed, no other conclusion can be reached without completely ignoring the existence of Rule 3. Specifically, it is held that in the absence of a contrary provision constituting an integral part of an applicable statute of limitations the determination of the commencement of an action is a procedural question and that Rule 3 is controlling. Accordingly, an entry overruling the motion to dismiss may be presented.

We are not unmindful of the fact that the first two causes of action set forth in the Complaint are for personal injuries and that the third is for wrongful death. However, in our view of the law as hereinabove expressed no distinction need be made among these causes and no separate discussion is therefore here undertaken.