[Civ. No. 27431.   Second Dist., Div. Four.   Jan. 20, 1964.]

LOUIS R. GINISE, Plaintiff and Appellant, v. FREIDA ZAHARIA, Defendant and Respondent.

Wilson, Selig & Cotter and Jean Perelli-Minetti for Plaintiff and Appellant.

Schell & Delamer, Fred B. Belanger and Austin C. Smith, Jr., for Defendant and Respondent.

JEFFERSON, J.—On December 7, 1960, plaintiff, a resident of Connecticut, filed a complaint in the Los Angeles Superior Court against defendant for damages for personal injuries. On April 25, 1961, a first amended complaint was filed, which was served on defendant April 29, 1961, alleging that plaintiff suffered bodily injuries in Connecticut on December 7, 1959, as the result of the negligence of defendant. On May 29, 1961, defendant filed an answer to the first amended complaint. On July 16, 1962, pursuant to an order of court, an amendment to the answer was filed, alleging as a separate defense that plaintiff's cause of action was barred by the statute of limitations. Motion for judgment on the pleadings, asserting the above defense, was made by defendant, granted by the court, and, on September 27, 1962, judgment was entered thereon. Plaintiff appeals from the judgment.

The primary issue presented in this appeal is the application to be given to California's "borrowing statute" as set forth in the Code of Civil Procedure, section 361, which, so far as here pertinent, provides as follows:

"When a cause of action has arisen in another state, ... and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state...."

The parties concede that plaintiff, a resident of Connecticut, suing in California on a cause of action arising in Connecticut, is bound, under the provisions of section 361, by the Connecticut statute of limitations.

It is further conceded that the applicable Connecticut statute of limitations on an action for damages for personal injuries, is one year. (General Statutes of Connecticut, Revision of 1958, in force January 15, 1959, vol. IX, ch. 925, § 52-584.)

Two questions arise as far as we can discover of first impression in California: (1) Does a proper interpretation of section 361 require that, in addition to the applicable statute of limitations, we apply the Connecticut case law relating to the mode of computation of time; and (2) Does such interpretation also require that we apply Connecticut case law relating to the date when an action is "commenced." For

reasons hereinafter stated, we need not determine the first of these issues; we decide the second in the negative.

In California, by express statute (Code of Civ. Proc., § 12), the date of the event is to be excluded in computing the one-year period. If California law applies, it is clear that the action was filed within one year. Contrary to defendant's contention, we find ample Connecticut case authority adopting, without a statute, the same rule of computation.

The exclusion-of-the-first-day rule was applied by the Connecticut Supreme Court of Errors, the highest court of that state, in a number of cases. In determining whether or not a notice of personal injury had been given "within ten days," the court said, in the case of *Lamberti* v. *City of Stamford* (1944) 131 Conn. 396 [40 A.2d 190, 191]; "It is well settled that the day of the act from which a future time is to be ascertained is to be excluded from the computation. [Citations.]"

In *Rapid Motor Lines* v. *Cox* (1947) 134 Conn. 235 [56 A.2d 519, 520, 175 A.L.R. 296], in determining if a notice of property damage was given "within sixty days," the court stated: "In computing the sixty-day period, the day of the injury is excluded and the sixtieth day thereafter is fixed as the final day upon which by the terms of the statute the notice 'shall have been given.' [Citation.]"

The following reported Connecticut trial court decisions are pertinent: In a personal injury action, under a one-year statute of limitations, in which the act complained of occurred on August 2, 1955, and the action was commenced (by service of a writ), on August 1, 1956, a Connecticut trial court stated: "As already noted, service was made upon defendant on August 1, 1956, being one day inside the statute of limitations, which would have run following the succeeding day." (*Pierino* v. *Miner* (Ct. Com. Pleas 1956) 20 Conn. Supp. 160 [128 A.2d 786, 787].)

In an action for wrongful death under a one-year statute of limitations where the acts complained of occurred on August 25, 1934, a Connecticut court stated: "The plaintiff relies upon *Blackman* v. *Nearing,* 43 Conn. 56 [21 Am.Rep. 634] and *Austin, Nichols & Co. Inc.* v. *Gilman,* 100 Conn. 81 [123 A. 32] to exclude, in determining the last day upon which an action could be started, the day on which the acts complained of were committed. By doing this, which is entirely proper, the last day of the time limited by statute fell upon August

25, 1935, which was Sunday.'' (*Morton* v. *West* (Super. Ct. 1936) 3 Conn. Supp. 251.)

Since the law of both states is the same on this point, we need not here decide which one is applicable.

The parties concede that, under Connecticut case law, an action is commenced only by service of process on the defendant and not, as in California, by the filing of the complaint. (*Consolidated Motor Lines, Inc.* v. *M. & M. Transp. Co.* (1941) 128 Conn. 107, 109 [20 A.2d 621, 622].) If that rule is to be applied here, it is clear that the action was ''commenced'' too late and the action of the trial court was proper. Plaintiff contends however, that the manner and date of commencing an action are ''procedural'' matters, and hence, under accepted conflict of laws principles, are to be determined by the law of the forum. (Rest., Conflict of Laws, § 591.) It is argued that the only exception to the rule that the manner and time of commencing an action are procedural and thus determined by the law of the forum, is where, as an integral part of the applicable statute of limitations, the Legislature has specified what must be done to commence an action within the period of limitations.

Defendant relies on three cases, *Ragan* v. *Merchants Transfer & Warehouse Co.* (1949) 337 U.S. 530 [69 S.Ct. 1233, 93 L.Ed. 1520]; *Hardwick* v. *Smith* (10th Cir. 1961) 286 F.2d 81, and *Netermyer* v. *Henley* (1962) 205 F.Supp. 734, in support of the contention that, in the instant case, the date of commencement of the action should be the date of service, in accordance with the law of Connecticut where the cause of action arose. None of these cases, however, involves the conflict of laws question here presented. All these cases involve the same problem: What body of the law should be applied by the federal courts, sitting in states where local causes of action have arisen. All are an outgrowth of the landmark case of *Erie R. R. Co.* v. *Tompkins*, 304 U.S. 64 [58 S. Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487] but rely more directly on the case of *Guaranty Trust Co.* v. *York* (1945) 326 U.S. 99 [65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231], in which it was held that the federal district court, sitting in the state where a local cause of action arose, must apply that state's statute of limitations.

The case of *Drummy* v. *Oxman* (1952) 280 App. Div. 800 [113 N.Y.S.2d 224], we believe, is dispositive of the problem. It involved an action for damages for personal injuries brought by a Connecticut resident against a New York resi-

dent and arising out of an accident which occurred in Connecticut. In affirming an order denying the defendant's motion to dismiss the complaint on the ground that the cause of action did not accrue within the time limited for commencement of the action as provided under the law of Connecticut, the court stated (p.225 [113 N.Y.S.2d]): "Although the Connecticut statute of limitations is applicable to this action, ... the method prescribed by Connecticut statute for the commencement of an action, ... is not an integral part of the Connecticut statute of limitations and, therefore, the time at which the action is deemed commenced under the law of New York governs. [Citations.]"

The soundness of this holding was apparently questioned by the United States District Court in the case of *Myers* v. *Slotkin* (1952) 13 F.R.D. 191, where the court, in a diversity of citizenship case, in discussing the *Drummy* case *supra*, stated (p.194): "If the question were before this court as one of first instance, consideration would have to be given the argument that in applying the Connecticut Statute of Limitations, the court should also apply the Connecticut law determined by the highest state court there, that in tolling the Statute of Limitations, the action is deemed to commence when service is made on the defendant." The court went on to hold that, as a federal court sitting in New York, it was bound, however, to follow the rule of the *Drummy* case, because of the rule that federal courts, when deciding questions of conflict of laws, must follow the rules prevailing in the states in which they sit.

However, in the more recent case of *Mahan* v. *Ohio Auto Rentals Co.* (1962) 207 F.Supp. 383, involving an action for damages arising out of an auto accident in Kentucky, brought in Ohio on the basis of diversity of citizenship, the court, in affirming an order denying defendant's motion to dismiss on the ground that the action was barred by the statute of limitations of Kentucky as adopted by Ohio's "borrowing" statute, held that the manner and method of commencing an action is procedural unless applicable statutes of limitation make other "specific provision." The court stated that, "While other cases (*Myers* v. *Slotkin* (E.D.N.Y. 1952) 13 F.R.D. 191 and *Yudin* v. *Carroll* (W.D.Ark. 1944) 57 F. Supp. 793) appear to create some doubt, it is concluded that the point here under consideration is procedural...." (207 F. Supp. 383, 384-385.) And, in *Glebus* v. *Fillmore* (1952) 104 F.Supp.902, the federal court in discussing the

nature and scope of the Connecticut statute of limitation as applied to a wrongful death action stated, (at p. 903): "There is no Connecticut statute specifying the point at which action commences, nor does any Connecticut statute of limitations specify what must be done to constitute such a bringing of action as to toll the statute of limitations. The Connecticut rule, previously stated, that action commences when process is served finds its basis solely in the decisions of the Connecticut courts which fix not the measure of statutory rights but only the procedure for their enforcement. [Citation.]"

Admittedly, the problem is not free from doubt. But, the values of a uniform rule are such as to cause us to follow the only cases thus far decided on the point and to hold that section 361 of our Code of Civil Procedure does not require us to apply the Connecticut rule in the absence of some statutory incorporation of that rule, by Connecticut, into its statute of limitations. There being no such statutory provision, we treat the determination of the date of commencement of an action as one of procedure; the California rule is, thus, the applicable one; the action was timely commenced on December 7, 1960, the date of filing of the original complaint— a date which, computed by either California or Connecticut law, was within the one-year limitation period.

The judgment is reversed.

Burke, P. J. and Kingsley, J., concurred.