Robert P. JANUS, Plaintiff,

v.

J. M. BARBE CO. et al., Defendants.

Civ. No. C 72–232.

United States District Court,
N. D. Ohio, E. D.

Dec 21, 1972.

Richard S. Gore, Chicago, Ill., Howard M. Simms, Komito, Nurenberg, Plevin, Jacobson, Heller & McCarthy, Cleveland, Ohio, for plaintiff.

Frank Glazer, Chicago, Ill., V. F. O'Donnell, McNeal, Schick, Archibald & Carlson, Cleveland, Ohio, for defendants.

### MEMORANDUM AND ORDER RE: MOTION TO DISMISS

KALBFLEISCH, Senior District Judge.

This cause is before the Court on defendant J. M. Barbe Company's motion to dismiss, filed on June 27, 1972.

#### I.

Defendant J. M. Barbe Company avers that the amended complaint herein should be dismissed for two reasons. First, it is contended that since this cause was not transferred to this Court until after the Ohio statute of limitations had expired, "the action was not commenced within the proper time." Second, the defendant J. M. Barbe Company contends that since the amended complaint which names the "J. M. Barbe Co." as a defendant was not filed until after the expiration of the Ohio statute of limitations, no cause of action exists as to this defendant. As propounded by defendant in its brief in support of this motion:

"* * * [A]t the time the Amended Complaint was filed and transferred to Ohio it was as if no prior lawsuit had been filed."

#### II.

The record in this action indicates that plaintiff filed suit originally on November 4, 1971, in the Northern District of Illinois, Eastern Division. The complaint named "J. M. Barbe, Individually and d/b/a J. M. Barbe Co., and Roy A. Smith" as defendants in an action for physical injuries allegedly received on November 7, 1969, near the City of Akron, Ohio. Jurisdiction of the Illinois Court was invoked on the basis of diversity of citizenship, plaintiff being an Illinois resident and the defendants being Ohio residents.

On November 16, 1971, service of process was completed by personally serving David Barbe, President of the J. M. Barbe Co.[1] See Exhibit A.

J. M. Barbe Co. entered its appearance in the Illinois Court on January 21, 1972, and on January 28, 1972, moved to quash service of summons and to dismiss.[2] On February 18, 1972, the portion of the defendant's motion directed to quashing of the summons was sustained by the Illinois Court and leave was granted to file an amended complaint naming the J. M. Barbe Company, a corporation, as a party defendant. It was further ordered that the instant cause would be transferred to the Northern District of Ohio, Eastern Division.

On April 13, 1972, service of the amended complaint was effected by personally serving David Barbe, as President of the J. M. Barbe Company.

#### III.

This Court may review the decision of the transferor court and make its own decision as to the propriety of transferring this cause. See Goldlawr, Inc. v. Heiman, 288 F.2d 579 (2d Cir. 1961), rev'd on other grounds 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

Upon consideration, this Court finds that:

1. The statute of limitations was tolled in this case when plaintiff filed his action in the Northern District of Il-

---

1. Service has still not been completed upon Roy A. Smith.

2. The copy of the original of this motion has been lost upon the transfer of the case, however, a copy supplied to the Court by counsel for the defendant, with the consent of counsel for the plaintiff, has been appended hereto as "Exhibit B."

linois, Eastern Division, on November 4, 1971;

2. The transfer in this cause was proper under the provisions of 28 U.S.C.A. § 1406(a);

3. The amended complaint in the above-entitled cause does not relate back to the original filing of this action; and

4. The J. M. Barbe Company is not a proper party defendant in the above-entitled cause.

## IV.

■■ The general rule relative to the tolling of a state statute of limitations is that the federal court must look to the state requisites when these requisites are made an integral part of the statute. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); Sylvester v. Messler, 246 F.Supp. 1 (E.D.Mich. 1964), aff'd. 351 F.2d 472 (6th Cir. 1965), cert. denied 382 U.S. 1011, 86 S.Ct. 619, 15 L.Ed.2d 526 (1966). The Ohio statute of limitations which applies to actions for personal injuries is Section 2305.10, Ohio Revised Code. It states:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

The case of Mahan v. Ohio Auto Rentals Co., 207 F.Supp. 383 (S.D.Ohio 1962), correctly interprets the posture of the law as it now stands, and states:

"Specifically, it is held that in the absence of a contrary provision constituting an integral part of an applicable statute of limitations the determination of the commencement of an action is a procedural question and that Rule 3 [Fed.R.Civ.P.] is controlling." 207 F.Supp., at 384.

Thus in construing the Ohio statute of limitations the Court in *Mahan,* supra, held that since the method of tolling was not an integral part of the statute Rule 3, Fed.R.Civ.P., controls. Rule 3 states that:

"A civil action is commenced by filing a complaint with the court."

■ Thus defendant's contention that service was required to toll the Ohio statute of limitations is not well taken.

## V.

■ The Court must next look to defendant's contention that since the Illinois Court lacked jurisdiction of the defendants it could not transfer the cause to this district and should properly have dismissed it.

In reviewing the facts in the instant cause the Court determines that this action could have been transferred to this district pursuant to the provisions of either 28 U.S.C.A. § 1404(a) or 28 U.S.C.A. § 1406(a), since:

"Transfer under § 1404(a) is possible only if venue is proper in the original forum and federal jurisdiction existed there. If federal jurisdiction is lacking, there is no power to do anything with the case except dismiss. If venue is improper, transfer, if at all, must be under § 1406(a). Though earlier district court cases had been to the contrary, several courts of appeals have now held, by analogy to the Supreme Court's holding with regard to § 1406(a), that a court may order a § 1404(a) transfer even though it lacked jurisdiction over the person of the defendant." [Footnotes omitted.] 1 Barron & Holtzoff, Federal Practice and Procedure (Bound Cumulative Supplement) 380 (1971).

In the case of Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed. 2d 39 (1962), the Supreme Court advanced the rule set forth above. *Goldlawr* was a private antitrust action brought in the United States District Court in Pennsylvania. On a motion to dismiss the suit for improper venue and want of personal jurisdiction over the defendants, the court transferred the

cause to the Southern District of New York. Upon transfer, the defendants moved to dismiss, alleging that since the Pennsylvania court had no jurisdiction over them it lacked the power to transfer.

Mr. Justice Black, speaking for the Supreme Court, stated:

"The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.' It would at least partially frustrate this enlightened congressional objective to import ambiguities into § 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired." [Footnote omitted.] 369 U.S., at 466–467, 82 S.Ct. at 916.

In reliance upon the opinion of the majority in the *Goldlawr* case, this Circuit, in a factual situation very much akin to the one presented in the instant case, upheld the transfer of a cause from Michigan to Tennessee. Taylor v. Love, 415 F.2d 1118 (6th Cir. 1969), cert. denied 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970). In *Taylor*, the Court stated:

"On the instant record, where the accident is alleged to have occurred in Tennessee and the Judge's opinion says that defendant had never lived in Michigan, we would have to assume that as appellant contends, this suit may well have been filed in the United States District Court in Michigan just to stop the running of the statute of limitations in Tennessee. But the language we have quoted from Mr. Justice Black's opinion in *Goldlawr* seems to describe the congressional intent in adopting § 1406(a) as not excluding such a purpose. And this appears to be true, although venue in Michigan is 'wrong' only because of lack of personal service on defendant." 415 F.2d at 1120.

Thus, in light of the precedent in both the *Goldlawr* and *Taylor* cases, the Court is constrained to state that the transfer of this cause was proper under the authority of 28 U.S.C.A. § 1406(a), since the Illinois court did not state its authority for transferring this cause.

### VI.

Finally, the defendant has contended that it cannot be a proper party to this lawsuit because it was not made a party defendant until after the Ohio statute of limitations had expired.

The facts divined from the record in this cause indicate that the defendant's president accepted service of the summons and complaint in this action on November 16, 1971, and, moreover, this defendant entered its appearance in the Illinois Court for the purpose of contesting service. See Exhibits A and B. Thus, it would appear that it has had actual notice of this lawsuit from the time David Barbe was served with process in the original action.

Defendant places reliance upon the fact that it was actually J. M. Barbe that was sought as a defendant and not the J. M. Barbe Company, an Ohio corporation. Further, it states that J. M. Barbe died in 1959.

Rule 15(c), Fed.R.Civ.P., provides, in part, that:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action against him,* the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." [Emphasis added.]

It is apparent from the record that the J. M. Barbe Company received notice of the present action on November 16, 1971, and that it should have known that, "but for a mistake concerning the identity of the proper party, the action would have been brought against" it. As stated in Grooms v. Greyhound Corporation, 287 F.2d 95 (6th Cir. 1961):

"Appellee contends that The Greyhound Corporation was not a party defendant to the original petition and did not become a party until it was served with summons on January 19, 1960. It filed an affidavit in the District Court to the effect that Pennsylvania Greyhound Lines, Inc. was a Delaware corporation (the state of incorporation also of The Greyhound Corporation), but that it discontinued operations in August 1954 and completely passed out of existence on January 1, 1955 and since said last mentioned date there has been no such corporation.

"Appellee claims that plaintiff intended to sue Pennsylvania Greyhound Lines, Inc. and, therefore, there was no misnomer. It argues that since there was no misnomer, the action against The Greyhound Corporation was not commenced until it was served with summons which was after the statute of limitations had run. As for plaintiff's intentions, it is difficult for us to ascribe to her an intent to sue Greyhound's predecessor which had passed out of existence several years before her claim arose. We think it is rather obvious that she intended to sue The Greyhound Corporation which sold her the ticket and operated the bus that caused the injuries of which she complains." 287 F.2d, at 98.

So too, here, it is rather difficult to envision the plaintiff suing an individual who, it is alleged, had died some ten years before his cause of action arose.

However, in 1966, the provisions of Rule 15(c), Fed.R.Civ.P., were amended to read as previously set forth. Thus, if the allegations of the complaint are taken as true, this cause of action arose on November 7, 1969. But the defendant J. M. Barbe Company did not receive notice of the institution of this action until November 16, 1971.

The provisions of Rule 15(c), Fed.R.Civ.P., state explicitly that the party to be substituted must receive notice "within the period provided by law for commencing the action." Thus plaintiff would have been required to serve notice upon the J. M. Barbe Company prior to November 7, 1971, and it did not.

It is therefore ordered that pursuant to the provisions of Rule 12(b)(6), Fed.R.Civ.P., the J. M. Barbe Company is hereby dismissed as a party defendant in the above-entitled action.

EXHIBIT A

| U.S. MARSHALS SERVICE | INSTRUCTIONS: See 'INSTRUCTIONS FOR SERVICE OF PROCESS |
|---|---|
| INSTRUCTION AND PROCESS RECORD | BY THE U.S. MARSHAL." on the reverse of the last - No 5 copy of this form. Please type or print legibly, insuring readability of all copies. Do not detach any copies. |

PLAINTIFF: Robert P. JANUS

DEFENDANT: J M BARBE + V

COURT NUMBER: 71 C 2655

TYPE OF WRIT

FILED

SERVE — NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

J M BARBE Co

ADDRESS (Street or R.I.D., Apartment No., City, State and ZIP Code)
BUENA VISTA NORTHEAST

AT ___ CHIC

DEC 30 1971

H. STUART CUNNINGHAM

CLERK

SEND NOTICE OF SERVICE COPY TO NAME AND ADDRESS BELOW:

RICHARD S. GORE
441 N LASALLE
CHICAGO, ILLINOIS
60610

Show number of blocks and total number of process indicated, i.e., 1 of 1, 1 of 3, etc.

NO: 2 | TOTAL: 3

CHECK IF APPLICABLE.
One copy for U.S. Attorney or designee and two copies for Attorney General of the U.S. included.

SHOW IN THE SPACE BELOW AND TO THE LEFT ANY SPECIAL INSTRUCTIONS OR OTHER INFORMATION PERTINENT TO SERVING THE WRIT DESCRIBED ABOVE.

SPECIAL INSTRUCTIONS:

NAME AND SIGNATURE OF ATTORNEY OR OTHER ORIGINATOR

| | TELEPHONE NUMBER | DATE |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

Show amount of deposit for applicable code) and sign USM-285 for first writ only if more than one writ submitted.

| DEPOSIT/CODE | DIST. OF ORIGIN | DISTRICT TO SERVE | LOCATION OF SUB OFFICE OF DIST. TO SERVE |
|---|---|---|---|
| | 74 | 1-C | |

I acknowledge receipt for the total number of writs indicated and for the deposit (if applicable) shown.

SIGNATURE OF AUTHORIZED USMS DEPUTY OR CLERK | DATE: 11-4-71

[X] I hereby certify and return that I have personally served, have legal evidence of service, or have executed as shown in "REMARKS," the writ described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., at the address inserted below.

[ ] I hereby certify and return that, after diligent investigation, I am unable to locate the individual, company, corporation, etc., named above within this Judicial District.

NAME AND TITLE OF INDIVIDUAL SERVED (If not shown above)

DAVID BARBE - PRESIDENT OF COMPANY

[ ] A person of suitable age and discretion then abiding in the defendant's usual place of abode

ADDRESS (Complete only if different than shown above)

BUENA VISTA AVE

| FEE (If applicable) | MILEAGE |
|---|---|
| $2.00 | $8.64 |

DATE(S) OF ENDEAVOR (Use Remarks if necessary) | DATE OF SERVICE: 11-16-71 | TIME: 11 AM | SIGNATURE OF U.S. MARSHAL OR DEPUTY

REMARKS

USM-285 (Ed. 7-1-70)
[A80223]

**1. CLERK OF THE COURT**

EXHIBIT B

United States District Court

Northern District of Illinois

Eastern Division

Robert P. Janus,
Plaintiff

-vs-

J. M. Barbe, individually and d/b/a J. M. Barbe Co. and Roy A. Smith

Defendants

No. 71 C 2655

## MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS

Now come the defendants, J. M. BARBE, individually and d/b/a J. M. BARBE Co., and ROY A. SMITH, by Frank Glazer their attorney and move the Court under the applicable provisions of Rule 4 and of Rule 12 of the Rules of Civil Procedure for the United States District Courts, to quash the purported Service of Summons on these defendants, and each of them, and to dismiss this cause as to each defendant and for grounds therefor, shows unto the Court the following:

1. The complaint alleges that the transaction involving plaintiff and defendants occurred without the State of Illinois, to wit: the State of Ohio.

2. Process was purportedly effected by service upon the Secretary of State of the State of Illinois. The Secretary of State of Illinois is appointed agent of any non-resident operator of a motor vehicle over the highways of the State of Illinois only if the accident involving a motor occurred in Illinois.

3. The affidavit filed herein on plaintiff's behalf is erroneous in that it states that the transaction involves a motor vehicle accident occurring in Illinois, whereas, in fact, the complaint alleges the accident occurred in Ohio.

4. The return of the Marshall on the Summons on J. M. Barbe indicates that the said J. M. Barbe has been deceased since 1959.

5. Since the transaction occurred outside of Illinois, and since defendant Smith is a non-resident of Illinois, and since defendant Barbe is deceased, this Court has no jurisdiction, and the Service of Summons should be quashed and this cause dismissed.

FRANK GLAZER
Attorney for Defendants

Suite 1201
185 North Wabash Avenue
Chicago, Illinois, 60601
726–1907

Frank Glazer certifies he mailed a copy of the foregoing Motion to Quash Service of Summons and to Dismiss to Richard S. Gore, Attorney for Plaintiff, 441 North LaSalle Street, Chicago, Illinois, 60610.

Frank Glazer