SURCO PRODUCTS, INC., Plaintiff,

v.

THEOCHEM LABORATORIES, INC., Pyramid Chemical Company and Steven D. Theofilos, Defendants.

No. 81–2789–Civ–JLK.

United States District Court,
S. D. Florida.

Dec. 18, 1981.

Michael R. Carey, Barnett, Bolt & Russo, Tampa, Fla., Robert P. Chapin, Reed, Smith & Chapin, Delray Beach, Fla., for plaintiff.

Frederick H. Colen, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

## ORDER OF TRANSFER

JAMES LAWRENCE KING, District Judge.

This cause came before the Court sua sponte upon consideration of a transfer of the cause to this district pursuant to 28 U.S.C. § 1404(a). This Court is acting under the authority conferred upon it by 28 U.S.C. § 1404(a) and upon the privilege of this Court, as a transferee Court, to inquire *de novo* into the propriety of a transfer and to make its own decision as to its propriety. *Hoffman v. Blaski, et al.,* 363 U.S. 335, 340 n. 9, 80 S.Ct. 1084, 1088 n. 9, 4 L.Ed.2d 1254 (1960); *Goldlawr, Inc. v. Heiman,* 288 F.2d 579, 581 (2d Cir. 1961); *Janus v. J.M. Barbe Co.,* 57 F.R.D. 539, 540 (N.D. Ohio 1972).

The corporate plaintiff, Surco Products, Inc., (hereinafter referred to as "Surco"), originally filed this copyright and trademark infringement action in the United States District Court for the Western District of Pennsylvania (hereinafter referred to as "Western District of Pennsylvania") on October 29, 1980. Following unsuccessful settlement negotiations, the defendants moved to have the action transferred to the United States District Court for the Middle District of Florida (hereinafter referred to as "Middle District of Florida") pursuant to 28 U.S.C. § 1404(a). Oral arguments were held and the Court entered an Order granting the motion to transfer the matter to the Middle District of Florida. The plaintiff then filed a motion to reconsider and amend, seeking transfer to the United States District Court for the Southern District of Florida (hereinafter referred to as "Southern District of Florida"), instead of the Middle District of Florida. The district court judge for the Western District of Pennsylvania entered an Order denying plaintiff's motion to reconsider and amend, without prejudice to plaintiff's right to file said motion in the district court for the Middle District of Florida.

On November 20, 1981, Surco filed a motion to transfer pursuant to 28 U.S.C. § 1404(a) in the District Court for the Middle District of Florida. The memorandum in support thereof was actually the motion to reconsider and amend that had been filed in Pennsylvania. No affidavits or other supporting documents were offered along with the motion to transfer. The allegations of facts and circumstances supporting a transfer to the Southern District of Florida set forth that:

1. When the plaintiff, Surco, was a resident of Florida, its offices were located in Hialeah, Florida. Hialeah is in the Southern District of Florida.

2. The initial transactions, occurrences and events leading up to the present litigation occurred in Hialeah.

3. The four principal witnesses which Surco intends to call reside in Miami and one of these witnesses may not be able to travel to the Middle District of Florida due to an illness. Miami is in the Southern District of Florida.

The defendants filed a memorandum in opposition to plaintiff's motion to transfer and an accompanying affidavit. The memorandum and affidavit alleged the following facts and circumstances in support of maintaining venue in the Middle District of Florida.

1. The corporate defendant Theochem Laboratories, Inc. (hereinafter referred to as "Theochem") has its principal place of business in Tampa, Florida and has been located in Tampa at all material times. The corporate defendant Pyramid Chemical Company is incorporated in Virginia and has its principal place of business in Greensboro, North Carolina. The individual defendant Steven C. Theofilos resides in Tampa, Florida and has resided there at all material times. The plaintiff Surco is a Pennsylvania Corporation with its principal place of business in Pittsburgh, Pennsylvania. . (Tampa is in the Middle District of Florida).

2. The focal point of this litigation is the terms, and in particular, the date of expiration, of an agreement entered between Theochem and Surco in November of 1979.

3. All acts performed by Theochem in connection with the manufacturing, packaging and shipment of the allegedly infringing product, *before and after* November 1979, occurred in Tampa, Florida.

4. All documents and records pertaining to the manufacture, packaging and sale by Theochem of the allegedly infringing product and all documents and records pertaining to the defenses and counterclaims that the defendants intend to raise are located in Tampa, Florida.

5. Steven D. Theofilos is the principal person responsible for the acts performed by the two corporate defendants in regard to the manufacture, packaging, promotion and sale of the allegedly infringing product.

6. The five principal witnesses that the defendants intend to call reside in Tampa, Florida.

On December 8, 1981, Honorable Judge Hodges of the Middle District of Florida entered an order transferring this cause to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

Upon *de novo* review of the record in this cause, this Court finds that the facts do not support the processing of this litigation in the Southern District of Florida. The Court bases this conclusion on a finding of both procedural and substantive defects in Surco's request for a change of venue to the Southern District of Florida.

Procedurally, plaintiff has not carried its burden of proving entitlement to a change of venue under 28 U.S.C. § 1404(a). The party seeking a transfer has the burden of satisfying the Court by a clear showing that the balance of conveniences fall toward him, in other words, that a change of venue will promote the convenience of the parties and witnesses and is in the interest of justice. *Abramson v. Ina Capital Management Corp.*, 459 F.Supp. 917, 921 (E.D.N.Y.1978); *Poncy v. Johnson & Johnson*, 414 F.Supp. 551, 553 (S.D.Fla. 1976). The Court may properly consider only those facts which are undisputed or are a matter of record in the form of affidavits, depositions, or stipulations. *Kisko v. Penn Central Transp. Co.*, 408 F.Supp. 984, 986 (M.D.Penn.1976). Mere allegations, unsupported by affidavits or other proof thereof, cannot be accorded much weight. *Essex Crane Rental v. Vic Kirsch Const.*, 486 F.Supp. 529, 535 (S.D.N.Y.1980).

Neither plaintiff's motion for a transfer or motion to reconsider or amend were accompanied by affidavits or any other form of proof supporting its entitlement to a transfer. Plaintiff's motions contained merely conclusory assertions as to the merits of its entitlement to a change of venue and a few factual assertions that the Court finds do not satisfy the requirement of proving by a clear showing that the balance of conveniences favor the granting of Surco's request. *See infra.* Thoroughly reviewing the record, the Court studied affidavits that had been submitted by plaintiff in support of an earlier motion for a temporary restraining order and for a preliminary injunction. The substance of these affidavits, however, do not support a transfer of this cause to the Southern District of Florida as they do not reveal any operative facts connecting the cause to this district. The defendants, on the other hand, opposed the motion with specific factual allegations going to the heart of the requirements of 28 U.S.C. § 1404(a) and with a supporting affidavit.

**680**

Not only did Surco fail to carry its burden within the context of a procedural analysis, but also inextricably bound with this defect are the substantive deficiencies of Surco's choice of venue. In essence, the only connection of this cause with the forum of the Southern District of Florida is the location of Surco in Hialeah, Florida prior to January of 1980 and the residency of four of Surco's witnesses in the Miami vicinity. Since January of 1980, however, Surco has had its principal place of business in Pittsburgh, Pennsylvania. As to the convenience of witnesses aspect, an equal number of defendants' principal witnesses reside in the Tampa vicinity. Further, none of the parties nor documents or records in the cause are located in the Southern District of Florida.

Conversely, two of the parties to this action presently reside in the Tampa vicinity. The only documents and other records pertaining to the main action and to the defenses and counterclaims of the defendants that are located within this State are in Tampa, Florida. Moreover, any alleged act of infringement by defendants, as asserted in the complaint, occurred within the Middle District of Florida, and not in the Southern District.

In conclusion, the Court finds that the operative facts underlying this cause of action have no material connection with the Southern District of Florida. Viewed both quantatively and qualitatively, plaintiff has not clearly shown that the convenience of parties and witnesses favor transfer to the Southern District of Florida. The Court further finds that this civil action could have been brought originally in the Middle District of Florida and that the defendants have made a clear showing that the processing of this cause in the Middle District of Florida is warranted for the convenience of the parties and witnesses and in the interest of justice.

It is therefore,

ORDERED and ADJUDGED that the above-styled cause be transferred pursuant to 28 U.S.C. § 1404(a) by the Clerk of the Court of this district to the United States Court for the Middle District of Florida for disposition.