■ BAROUKH BROUKHIM et al., Respondents, v YAGHOUB HAY, Also Known as JACK Y. HAY, Appellant.—In an action to recover on certain loans, the defendant appeals from an order of the Supreme Court, Westchester County (Sullivan, J.), entered March 11, 1985, which denied his motion to dismiss the complaint on the ground of forum non conveniens.

Order affirmed, with costs.

The parties to this action are Iranian citizens of the Jewish faith who fled Iran as a result of the threat posed to their lives by the Islamic Revolution of 1979. Prior to their departure from Iran, the plaintiffs, now California residents, allegedly loaned the defendant, now a New York resident, 5,000,-000 rials, or the equivalent of approximately $70,000. The defendant maintains that the money was loaned to his corporation and that he was a guarantor of the loans. He claims that the loans were repaid by his corporation subsequent to his departure from Iran, but that he is unable to provide documentation of the repayment and the terms of the loan and to present witnesses to the transaction, since they are still in Iran.

The parties are in agreement as to the unavailability of Iran as a forum in which to resolve the dispute *(cf. McDonnell Douglas Corp. v Islamic Republic of Iran,* 591 F Supp 293, *affd* 758 F2d 341, *cert denied* — US —, 106 S Ct 347). Nevertheless the defendant maintains that Special Term abused its discretion in denying his motion for dismissal of the complaint on forum non conveniens grounds. We disagree.

Forum non conveniens is an equitable doctrine which provides that "a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by * * * statute" *(Gulf Oil Corp. v Gilbert,* 330 US 501, 507). The doctrine is codified in CPLR 327 (a), which provides that a court may dismiss an action when it "finds that in the interest of substantial justice the action should be heard in another forum".

The Court of Appeals has recognized that the availability of another suitable forum is not a prerequisite for applying the doctrine, but a " 'pertinent factor' " and "a most important factor" to be considered in ruling upon a motion to dismiss *(Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 481, *cert denied* 469 US 1108). It did, however, implicitly recognize that where an action exists between "hapless national[s] victimized by [their] country's policies" *(Islamic Republic of Iran v Pahlavi, supra,* at p 482), the unavailability of an alternate forum may be a more compelling consideration. An evaluation of the various competing factors leads us to the conclusion that Special Term's denial of the defendant's motion was not an abuse of discretion. Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.