[No. B034823. Second Dist., Div. Five. Mar. 7, 1990.]

CLAUDE DELFOSSE, Plaintiff and Appellant, v.
C.A.C.I., INC.-FEDERAL, Defendant and Respondent.

COUNSEL

Greene, O'Reilly, Broillet, Paul, Simon & Wheeler, Edward J. Maginnis and Michael L. Goldberg for Plaintiff and Appellant.

O'Melveny & Myers, Stephen P. Pepe and Virginia L. Hoyt for Defendant and Respondent.

## OPINION

**ASHBY, J.**—Appellant Claude Delfosse filed a wrongful termination suit against respondent C.A.C.I., Inc.-Federal. Subsequently, the trial court granted respondent's motion to dismiss based upon the theory that California was an inconvenient forum. Because there is no alternative forum in which appellant's matter can be tried, we reverse with directions.

### FACTS

On November 15, 1968, appellant was hired by Consolidated Analysis Centers, Inc., a California corporation (Consolidated). The contract was made in California, where appellant then resided. In 1972, appellant was transferred to Virginia. Over the years, Consolidated went through a series of corporate restructurings and buyouts.[1] During this time, appellant continued to work for Consolidated or one of the newly created corporate entities, eventually working for respondent as a vice-president, division manager. On October 29, 1984, appellant's employment was terminated. Appellant claimed he was discharged after respondent learned that appellant had a severe kidney ailment. Respondent claimed appellant was laid off for lack of work.[2]

Appellant filed his four-count wrongful discharge lawsuit in the Los Angeles Superior Court on October 29, 1985. Respondent was served on October 28, 1987. After answering, respondent filed a motion to dismiss for forum non conveniens arguing Virginia was the more appropriate forum for the lawsuit. In supporting affidavits, respondent showed that appellant had been working for respondent, or one of respondent's predecessor entities, in Virginia for 12 years, that both parties had numerous connections with Virginia, that numerous witnesses were in Virginia, that Virginia had a great interest in resolving employee disputes, and that respondent's corporate records were in Virginia. In opposition, appellant showed that the original employment contract was formed in California with the expecta-

---

[1] Consolidated became C.A.C.I., Inc. Respondent is a wholly-owned subsidiary of C.A.C.I., Inc., which in turn is a wholly-owned subsidiary of C.A.C.I. International, Inc.

[2] While respondent argues that appellant was also fired because of poor performance, the record contains no factual support for this argument. The only factual information provided is in the declaration of respondent's assistant secretary in which he states: "On October 29, 1984, [respondent] terminated [appellant's] employment for lack of work."

tion that it be performed in California, that appellant's immediate supervisor (respondent's vice-president and a key person in making the termination decision) resided in California, that at least four other corporate executives who would be witnesses resided in California, and that many relevant corporate documents were in California. It was also shown that the action was filed in California before the Virginia statute of limitations ran. However, before respondent was served, the Virginia statute expired. Thus, if this California action were dismissed, there would be no alternative forum in which it could be brought. Although respondent argued that Virginia was the more appropriate location, at no time did respondent agree to waive the Virginia statute of limitations and to submit to Virginia's jurisdiction.

The trial court granted respondent's motion to dismiss. A judgment in favor of respondent was subsequently entered, from which appellant appeals. We reverse with directions.

DISCUSSION

FORUM NON CONVENIENS

■ Forum non conveniens is an equitable doctrine which allows courts to refuse to hear matters for which jurisdiction is otherwise appropriate. (*Gulf Oil Corp.* v. *Gilbert* (1947) 330 U.S. 501, 507 [91 L.Ed. 1055, 1062, 67 S.Ct. 839].) It is predicated upon a determination that dismissal is just and will promote convenience to the parties and to the system. (See, e.g., *Brown* v. *Clorox Co.* (1976) 56 Cal.App.3d 306 [128 Cal.Rptr. 385].) "[B]y its nature [forum non conveniens is] a drastic remedy to be exercised . . . with caution and restraint." (*Bechtel Corp.* v. *Industrial Indem. Co.* (1978) 86 Cal.App.3d 45, 49 [150 Cal.Rptr. 29].) In California, the concept is codified in Code of Civil Procedure section 410.30 which reads in pertinent part "[W]hen a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

In the usual case, the court must exercise its discretion (*Piper Aircraft Co.* v. *Reyno* (1981) 454 U.S. 235, 257 [70 L.Ed.2d 419, 436, 102 S.Ct. 252]; *Credit Lyonnais Bank Nederland, N.V.* v. *Manatt, Phelps, Rothenberg & Tunney* (1988) 202 Cal.App.3d 1424, 1431, 1436 [249 Cal.Rptr. 559]) by examining the facts to determine in which forum the case more appropriately should be heard. While some courts have delineated specific facts to consider (see, e.g., *Great Northern Ry. Co.* v. *Superior Court* (1970) 12

Cal.App.3d 105, 113-115 [90 Cal.Rptr. 461]),[3] courts are not limited to these factors. In ruling on a forum non conveniens motion, courts examine all of the circumstances, balance the private and public interests and look to the relative convenience and fairness to the parties, the witnesses, and the courts. ■■ ■■■■ (*Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. at p. 508 [91 L.Ed. at p. 1062]; *Goodwine* v. *Superior Court* (1965) 63 Cal.2d 481, 485 [47 Cal.Rptr. 201, 407 P.2d 1]; *Appalachian Ins. Company* v. *Superior Court* (1984) 162 Cal.App.3d 427, 433-436 [208 Cal.Rptr. 627].)[4]

This case is unusual in that if the matter is dismissed and judgment entered against appellant, as ordered by the trial court, there is no alternative forum in which the matter could be heard. Appellant's claims therefore would never be litigated. *We agree with appellant that the lawsuit should*

---

[3] The factors enumerated in *Great Northern Ry. Co.* at pages 113-115 are: 1. The amenability of the defendant to personal jurisdiction in the alternative forum. 2. The relative convenience to the parties and witnesses. 3. The differences in conflict of law rules applicable in this state and in the alternative forum. 4. The principal place of business of the defendant. 5. Whether the situation, transaction or events out of which the action arose exists, occurred in, or had a substantial relationship to this state. 6. Whether any party would be substantially disadvantaged in having to try the action (a) in this state or (b) in the forum in which the moving party asserts it ought to be tried. 7. Whether any judgment entered in the action would be enforceable by process issued or other enforcement proceedings undertaken in this state. 8. Whether witnesses would be inconvenienced if the action were prosecuted (a) in this state or (b) in the forum in which the moving party asserts it ought to be prosecuted. 9. The relative expense to the parties of maintaining the action (a) in this state and (b) in the state in which the moving party asserts the action ought to be prosecuted. 10. Whether a view of premises by the trier of fact will or might be necessary or helpful in deciding the case. 11. Whether prosecution of the action will or may place a burden on the courts of this state which is unfair, inequitable or disproportionate in view of the relationship of the parties or of the cause of action to this state. 12. Whether the parties participating in the action have a relationship to this state which imposes upon them an obligation to participate in judicial proceedings in the courts of this state. 13. The interest, if any, of this state in providing a forum for some or all of the parties to the action. 14. The interest, if any, of this state in regulating the situation or conduct involved. 15. The avoidance of multiplicity of actions and inconsistent adjudications. 16. The relative ease of access to sources of proof. 17. The availability of compulsory process for attendance of witnesses. 18. The relative advantages and obstacles to a fair trial. 19. The public interest in the case. 20. Whether administrative difficulties and other inconveniences from crowded calendars and congested courts are more probable in the jurisdiction chosen by plaintiff. 21. Whether imposition of jury duty is imposed upon a community having no relation to the litigation. 22. The injustice to, and burden on, local courts and taxpayers. 23. The difficulties and inconvenience to defendant, to the court, and to jurors hearing the case, attending presentation of testimony by depositions. 24. Availability of the forum claimed to be more appropriate. 25. The other practical considerations that make trial of a case convenient, expeditious and inexpensive.

[4] California courts traditionally gave great preference to the plaintiff's residence in evaluating the circumstances. In 1986 the Legislature amended Code of Civil Procedure section 410.30 to give less weight to the plaintiff's domicile or residence. (Stats. 1986, ch. 968, § 4; *Credit Lyonnais Bank Nederland, N. V.* v. *Manatt, Phelps, Rothenberg & Tunney, supra,* 202 Cal.App.3d at pp. 1431-1434.) The amendment also sought to encourage the use of California as a site for international commerce and limited courts' abilities to dismiss actions if the parties, by contract, agreed that California would hear their disputes. (*Ibid.*)

not be dismissed on the basis of an inconvenient forum because there is no alternative forum in which the matter could be tried.

In the landmark case of *Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501, the Supreme Court began discussing the concept of forum non conveniens by stating: "In all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them." (*Id.* at pp. 506-507 [91 L.Ed. at p. 1061]; see also *Piper Aircraft Co.* v. *Reyno, supra,* 454 U.S. at p. 254, fn. 22 [70 L.Ed.2d at p. 435].) ▮ In California, the concept that an alternative forum is a prerequisite to dismissing a suit upon an inconvenient forum argument is first found in the Judicial Council comments to Code of Civil Procedure section 410.30. The comments, which are entitled to significant weight in interpreting the statute (*Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804, 817, fn. 10 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393]; *Dieckmann* v. *Superior Court* (1985) 175 Cal.App.3d 345, 353 [220 Cal.Rptr. 602]), state in part: "Under the doctrine of inconvenient forum, a court, even though it has jurisdiction, will not entertain the suit if it believes that the forum of filing is a seriously inconvenient forum for the trial of the action. But in such instances a more appropriate forum must be available to the plaintiff." (14 West's Ann. Code Civ. Proc., § 410.30 (1973 ed.) p. 490.)

The Restatement Second of Conflict of Laws section 84 incorporates directly into the definition of forum non conveniens the concept that the availability of an alternative forum is required: "A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action provided that a more appropriate forum is available to the plaintiff." Comment c to this Restatement section elaborates on the concept: "The two most important factors look to the court's retention of the case. They are (1) . . . and (2) that the action will not be dismissed unless a suitable alternative forum is available to the plaintiff. Because of the second factor, the suit will be entertained, no matter how inappropriate the forum may be, if the defendant cannot be subjected to jurisdiction in other states. The same will be true if the plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept the defendant's stipulation that he will not raise this defense in the second state." The Judicial Council comments to California Code of Civil Procedure section 410.30 repeat verbatim comment c, adding annotations. (14 West's Ann. Code Civ. Proc., *supra,* p. 492.) Additionally, in California the importance of the availability of an alternative forum has been utilized by other courts when discussing the concept of forum non conveniens. (See, e.g., *Celotex Corp.* v. *American Ins. Co.* (1987) 199 Cal.App.3d 678, 683 [245 Cal.Rptr.

429]; *Corrigan* v. *Bjork Shiley Corp.* (1986) 182 Cal.App.3d 166, 173 [227 Cal.Rptr. 247].)

Thus, the general rule is that unless there is an alternative forum, a motion to dismiss based upon an inconvenient forum argument shall not be granted.[5] (Ryan & Berger, *Forum Non Conveniens in California* (1970) 1 Pacific L.J. 532, 536-538; cf. *Holmes* v. *Syntex Laboratories, Inc.* (1984) 156 Cal.App.3d 372 [202 Cal.Rptr. 773];[6] see also, Note, *Considerations of Choice of Law in the Doctrine of Forum Non Conveniens* (1986) 74 Cal.L.Rev. 565.)[7]

Of the jurisdictions examining this issue, all except New York (*Islamic Republic of Iran* v. *Pahlavi* (1984) 62 N.Y.2d 474, 481 [478 N.Y.S.2d 597, 467 N.E.2d. 245, 57 A.L.R.4th 955]) have decided that the availability of an alternative forum is a prerequisite. (Annot., Forum Non Conveniens Doctrine in State Court as Affected by Availability of Alternative Forum (1987) 57 A.L.R.4th 973; see cases cited in *Shewbrooks* v. *A.C. and S. Inc.* (Miss. 1988) 529 So.2d 557, 562-563, and in *MacLeod* v. *MacLeod* (Me. 1978) 383 A.2d 39, 42.) However, even New York considers this to be a pertinent and " 'a most important factor' to be considered in ruling upon a motion to dismiss." (*Broukhim* v. *Hay* (1986) 122 A.D.2d 9 [504 N.Y.S.2d 467, 468]; *Islamic Republic of Iran* v. *Pahlavi, supra,* 62 N.Y.2d at p. 481.)

█ Respondent argues that after balancing all of the factors Virginia is the more appropriate forum and thus it is unfair to require respondent to litigate in California. Respondent acknowledges, however, that presently the matter could not successfully be litigated in Virginia because the appropriate statute of limitations has run. As a Maryland court has stated in addressing a similar argument, "[I]t strikes us as anomalous, if not disingenuous, to request dismissal of an action on the ground that it should be heard in another forum when the action will likely never be heard in the other forum because it is barred by the statute of limitations there." (*Johnson* v. *Searle* (1989) 314 Md. 521 [552 A.2d 29, 37].)

---

[5] As with any rule based in equity, there may be rare situations in which dismissals are warranted even though there is no alternative forum. (Note, *Forum Non Conveniens in the Absence of an Alternative Forum* (1986) 86 Colum.L.Rev. 1000, 1005-1006.) Here, contrary to respondent's suggestions, there is no indication that appellant filed this action with a wrongful motive or has used the California courts inappropriately.

[6] *Corrigan* v. *Bjork Shiley Corp., supra,* 182 Cal.App.3d 166, 178 disapproves the discussion in *Holmes* dealing with whether an alternative forum is "suitable."

[7] The only California authority to the contrary is found in dicta in the pre-code case of *Price* v. *Atchison, T. & S. F. Ry. Co.* (1954) 42 Cal.2d 577, 586 [268 P.2d 457, 43 A.L.R.2d 756] [doctrine of forum non conveniens applies to Federal Employers' Liability Act action, by stipulation alternative forum not in issue].

Conditional dismissals provide an appropriate remedy to this dilemma. Courts are authorized to dismiss the matter upon the condition that the defendant accept service in the more appropriate forum and agree to waive the statute of limitations. (Code Civ. Proc., § 410.30; see, e.g., *MacLeod* v. *MacLeod, supra,* 383 A.2d at pp. 44-45; *Wieser* v. *Missouri Pacific R. Co.* (1983) 98 Ill.2d 359 [456 N.E.2d 98, 105]; cf. *Celotex Corp.* v. *American Ins. Co., supra,* 199 Cal.App.3d at p. 685.) This procedure avoids forum shopping by plaintiffs,[8] prevents defendants from being forced to litigate claims in California when it is inappropriate to do so, and yet allows matters to be heard on the merits. (See discussion in *Mills* v. *Aetna Fire Underwriters Ins. Co.* (D.C. 1986) 511 A.2d 8, 14-15.)

Here, the record indicates that the court weighed the appropriate factors and determined that the more appropriate forum was Virginia. The court also understood that it could grant the motion based upon a conditional order by requiring respondent to either accept the jurisdiction of California or to accept service in Virginia and agree to waive the appropriate statute of limitations. Although the court asked respondent's counsel if a waiver would be acceptable, counsel never directly responded to the inquiry. In light of this opinion, it is appropriate that respondent be given the opportunity to directly respond to this inquiry.

## BORROWING STATUTE

As an afterthought, respondent also argues that California's "borrowing statute" requires this matter be dismissed. We disagree.

To prevent forum shopping by plaintiffs, most states have enacted "borrowing statutes." The borrowing statute adopts the statute of limitations of the state in which the action arose. (Rest.2d Conflict of Laws, § 8, com. i, § 142, com. f.) ■ California's borrowing statute (Code Civ. Proc., § 361) provides that when a cause of action has arisen in another state or country, and by the laws of that other jurisdiction an action could not be maintained thereon by reason of lapse of time, the cause of action cannot be brought in California even if the California statute of limitations has not run.[9] In determining when an action commences, rules which are an integral part of the other jurisdiction's statute of limitations statutory scheme are

---

[8] Although respondent suggests appellant acted improperly in filing in California by forum shopping, the record does not support this suggestion.

[9] Code of Civil Procedure section 361 reads: "When a cause of action has arisen in another State, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State, except in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued."

also considered. (*Ginise* v. *Zaharia* (1964) 224 Cal.App.2d 153, 156, 157 [36 Cal.Rptr. 406].)

■ Here, respondent acknowledges that appellant's suit was begun in California prior to the running of both the California statute of limitations and the applicable Virginia statute of limitations. (Va. Code Ann. § 8.01-246.) Respondent was not served until two years after the case was filed in California. Unlike the California service limitations (Code Civ. Proc., § 583.210 et seq.), in Virginia the court has the authority to dismiss an action if it is not served within one year after the commencement of the action unless there has been a factual showing that the plaintiff exercised due diligence.[10]

Respondent argues that the Virginia service requirements are an integral part of Virginia's statute of limitations. However, respondent has not shown, as is its burden, that the Virginia service requirements affect the determination as to when an action "commences." This is particularly true when a factual showing of reasonable diligence by a plaintiff would alter the Virginia service requirement. Thus, contrary to respondent's suggestion, the California borrowing statute does not mandate the inclusion of Virginia's service requirements into the determination as to when a cause of action "commenced" and does not prevent appellant's claim from being litigated in California.

### Disposition

The order of dismissal is reversed and the cause remanded. The trial court shall reconsider the motion and determine whether the motion should be denied or granted on conditions. If the matter is dismissed, the dismissal shall be on the condition that respondent file with the trial court an agreement to accept service of process in Virginia and an agreement to waive the statute of limitations in Virginia. These agreements shall be approved by the trial court and filed with the trial court within a reasonable time to be fixed by the trial court. In the event respondent fails to file the appropriate agreements within the time stated by the trial court, respondent's motion to dismiss for forum non conveniens shall be denied. The waivers shall be conditioned upon appellant filing an action in the appropriate Virginia court within a reasonable time to be fixed by the trial court. The order of dismissal shall also be contingent upon the Virginia court's acceptance of

---

[10] Rules of Supreme Court of Virginia, rule 3:3(c) provides: "No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him." (See also *Nelson* v. *Vaughan* (1969) 210 Va. 1 [168 S.E.2d 126].)

respondent's waivers. If the waivers are not accepted in Virginia, appellant's action shall not be dismissed. Costs on appeal are awarded to appellant.

Lucas, P. J., and Turner, J., concurred.