Pacific Alliance Asia Opportunity Fund L.P. v Kwok Ho Wan (2018 NY Slip Op 02415)





Pacific Alliance Asia Opportunity Fund L.P. v Kwok Ho Wan


2018 NY Slip Op 02415


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Richter, J.P., Manzanet-Daniels, Andrias, Kapnick, Webber, JJ.


6200 652077/17

[*1]Pacific Alliance Asia Opportunity Fund L.P., Plaintiff-Appellant,
v
Kwok Ho Wan, also known as Kwok Ho, also known as Gwo Wen Gui, also known as Guo Wengui, also known also Guo Wen-Gui, also known as Wan Gue Haoyun, also known as Miles Kwok, also known as Haoyun Guo, Defendant-Respondent.


O'Melveny & Myers LLP, New York (Anton Metlitsky of counsel), for appellant.
Hodgson Russ LLP, New York (Mark A. Harmon of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered September 20, 2017, which granted defendant's motion to dismiss the complaint pursuant to CPLR 327(a), unanimously reversed, on the facts, with costs, and the motion denied.
Defendant failed to meet the heavy burden of establishing that New York is an inconvenient forum and that there is no substantial nexus between New York and this action (see Elmaliach v Bank of China Ltd., 110 AD3d 192, 208 [1st Dept 2013]). It is true that the agreements at issue in this breach of contract action concern a Chinese real estate development project and that most (although not all) of them were negotiated and executed in Hong Kong or China. However, while defendant is a Chinese citizen, he has resided in New York for the past two years and is seeking asylum here (see Yoshida Print. Co. v Aiba, 213 AD2d 275 [1st Dept 1995]). Moreover, although Hong Kong is a potential alternative forum, it is not a suitable or adequate alternative, because defendant cannot return there due to his pending asylum claim and fugitive status (see Andros Compania Maritima S.A. v Intertanker Ltd., 714 F Supp 669, 678 [SD NY 1989]; Bank of Boston Intl. of Miami v Arguello Tefel, 626 F Supp 314, 319 [ED NY 1986]; Exeed Indus., LLC v Younis, 2016 WL 128063, *5, 2016 US Dist LEXIS 3432, *15-16 [ND Ill, Jan. 12, 2016]; see also Broukhim v Hay, 122 AD2d 9, 10 [2d Dept 1986]).
Defendant has not shown that it will be a hardship for him to litigate in New York. He lives here, has brought suit against others here, and has invited others to sue him here. The agreements at issue, which are written in English, are available here, and, although plaintiff is a foreign corporation, its employees are willing to travel here at no expense to defendant (see Yoshida, 213 AD2d at 275). While defendant alleges broadly that his former employees and relevant documents are located in Hong Kong or China, he has not identified any specific witnesses or documents that will be necessary (see Banco Ambrosiano v Artoc Bank & Trust, 62 NY2d 65, 74 [1984]). He does not purport to know the witnesses' whereabouts with certainty, and he has not made any showing with respect to their materiality (see Yoshida, 213 AD2d at 275).
The fact that Hong Kong law governs the instant dispute, pursuant to the choice of law provisions in the agreements, is not dispositive, since "our courts are frequently called upon to apply the laws of foreign jurisdictions" (Intertec Contr. v Turner Steiner Intl., 6 AD3d 1, 6 [1st Dept 2004]). Moreover, Hong Kong law is the only foreign jurisdiction's law at issue (see [*2]Wilson v Dantas, 128 AD3d 176, 187 [1st Dept 2015], affd 29 NY3d 1051 [2017]), and there has been no showing that it is in dispute (see Shin-Etsu Chem. Co. v ICICI Bank Ltd., 9 AD3d 171, 176 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK