Filed 12/28/22  Pontikis v. Atieva CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| STEPHANOS PONTIKIS,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>ATIEVA, INC. et al.,<br><br>　　　Defendants and Respondents. | A164444<br><br>(Alameda County<br>Super. Ct. No. RG21102685) |

This case concerns whether California is an appropriate forum for Stephanos Pontikis's lawsuit against his former employer and various affiliated entities (collectively Atieva).  The Alameda County Superior Court stayed proceedings in this matter on the ground of forum non conveniens to permit Pontikis to pursue his claims in Arizona, where the underlying events occurred.  On appeal, Pontikis contends that he is barred from bringing his suit in Arizona under the applicable statute of limitations and that he should therefore be permitted to proceed with his claims in California because Arizona is not a "suitable forum" as a matter of law.  We agree with the trial court that California is not a convenient forum for this proceeding, provided Arizona is available as an alternative forum, but we reverse the order in light of the uncertainty at present as to whether Arizona remains available.  We remand with directions to the trial court to condition any further stay of proceedings on Atieva's waiver of any Arizona statute of limitations defense.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Only a brief factual summary is needed to provide the context for this appeal. Pontikis began working for Lucid, a subsidiary of Atieva, on January 4, 2021. During the period of Pontikis's employment, Lucid was a Delaware corporation that manufactures electric vehicles, with its company headquarters in Newark, California. Lucid has a production factory in Arizona, and that is the location where Pontikis worked. Pontikis, a resident of Texas at the time, relocated to Arizona for the new position with Lucid. Although Lucid has California offices, Pontikis's employment was exclusively in the Arizona office.

The dispute that precipitated Pontikis's imminent separation from his employer began when Pontikis told his immediate supervisor, David Tasker, that he had tested positive for COVID-19. According to Pontikis, Tasker told him to falsely tell human resources that he did not have contact with other employees, and Pontikis raised concerns about Tasker's directive through his chain of command. Pontikis was upset by these circumstances, and allegedly endured a hostile work environment for the rest of his tenure. Pontikis, allegedly fearing termination, voluntarily resigned from his position at Lucid on April 9, 2021.

On June 23, 2021, Pontikis filed a complaint in Alameda County Superior Court against Atieva, Churchill Capital Corp. IV (CCIV), and M. Klein and Company, LLC (M. Klein),[1] alleging a variety of California

---

[1] M. Klein is a wholly separate entity from Atieva, Inc., or Lucid Group, Inc., and was dismissed from this action by order of the trial court on January 6, 2022, after the trial court granted M. Klein's motion to quash. Pontikis advances no arguments of error pertaining to that ruling, and, as such, has waived any challenge to that ruling on appeal. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125 ["[A]n appellant's failure to discuss an issue in its opening brief forfeits the issue on appeal"].)

employment-law claims. Atieva then filed a motion to dismiss based upon forum non conveniens on September 27, 2021, citing Code of Civil Procedure section 418.10, subdivision (a)(2).[2] That subdivision provides a defendant may file a motion "[t]o stay or dismiss the action on the ground of inconvenient forum" "on or before the last day of his or her time to plead."

The trial court issued a pair of orders on January 6, 2022. One granted M. Klein's motion to quash (see fn. 1, *ante*); the other addressed the issue that is before us: Atieva's motion to dismiss based upon forum non conveniens. The trial court concluded that Atieva submitted unrebutted evidence that all the events underlying the instant suit transpired in Arizona, where Pontikis lived and worked while he was employed by Lucid. The trial court also found that all relevant employees and key actors referenced by the complaint worked in Arizona; and that all documentary evidence regarding Pontikis's claims were located there. The trial court determined that Pinal County, Arizona, provided a suitable alternative forum for Pontikis's action and that there were no legal obstacles to Pontikis's proceeding there with his claims. The trial court declined to dismiss this case but instead stayed proceedings to permit Pontikis to file suit in Arizona. Pontikis timely appealed.

## DISCUSSION

### I. Standard of Review and Governing Law

An order staying a case in favor of a more suitable alternative forum is an appealable order. (§ 904.1, subd. (a)(3).)

Section 410.30, subdivision (a), permits a trial court to "stay or dismiss [an] action in whole or in part on any conditions that may be just" when the court finds that "in the interest of substantial justice an action should be

---

[2] Subsequent statutory references are to the Code of Civil Procedure.

heard in a forum outside this state." In determining whether to grant a motion to dismiss or stay on grounds of forum non conveniens, the trial court conducts a two-step analysis. First, it determines whether the alternate forum proposed is a " 'suitable' place for trial." (*Stangvik v. Shiley, Inc.* (1991) 54 Cal.3d 744, 751 (*Stangvik*).) "A forum is suitable if there is jurisdiction and no statute of limitations bar to hearing the case on the merits." (*Chong v. Superior Court* (1997) 58 Cal.App.4th 1032, 1036–1037, citing *Shiley, Inc. v. Superior Court* (1992) 4 Cal.App.4th 126, 132.) If, as is argued here by Pontikis, the alternative forum is no longer available because the limitations period has expired, "the general rule is that . . . a motion to dismiss based upon an inconvenient forum argument shall not be granted." (*Delfosse v. C.A.C.I., Inc.-Federal* (1990) 218 Cal.App.3d 683, 690 (*Delfosse*).) The suitability issue focuses on where the action can be brought, not where it may be won. (*Chong*, at pp. 1036–1037.) On appeal the suitability issue is reviewed de novo. (*Roulier v. Cannondale* (2002) 101 Cal.App.4th 1180, 1186.)

If the trial court determines that an alternative forum is suitable for trial, "the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California. The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the

4

alternate jurisdiction in the litigation. [Citations.]" (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)

The grant or denial of a forum non conveniens motion at the second step lies within the discretion of the trial court, and substantial deference is accorded its determination. (*Stangvik*, *supra*, 54 Cal.3d at p. 751.) That determination will not be reversed on appeal absent an abuse of discretion. (*Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1675.) On abuse of discretion review, we reverse only if the trial court's ruling " ' "exceed[ed] the bounds of reason . . . . [Citation.]" ' " (*America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 7.)

## II. Atieva's Motion to Dismiss Was Timely

Pontikis argues that Atieva did not file an answer, demurrer, motion to strike, or any form of general appearance prior to their August 26, 2021 deadline to plead, and thus, the September 27, 2021 filing of the motion to dismiss based on forum non conveniens was untimely. We disagree. According to a declaration filed with the trial court, Atieva was unable to meet and confer with Pontikis prior to filing a responsive pleading because Pontikis offered his first available date as August 26, 2021—the responsive pleading deadline. Because Atieva could not complete the meet and confer process with Pontikis at least five days prior to the deadline for responsive pleading, Atieva filed a declaration in support of an automatic 30-day extension as provided by section 430.41, subdivision (a)(2).[3] Atieva was

---

[3] Section 430.41, subdivision (a)(2) provides: "The parties shall meet and confer at least five days before the date the responsive pleading is due. If the parties are not able to meet and confer at least five days prior to the date the responsive pleading is due, the demurring party shall be granted an automatic 30-day extension of time within which to file a responsive pleading, by filing and serving, on or before the date on which a demurrer would be due, a declaration stating under penalty of perjury that a good faith

5

accordingly granted additional time to file a responsive pleading, and its dismissal motion was timely.

### III. Arizona is the Proper Forum for this Case Provided it Remains Available

After the trial court stayed proceedings, Pontikis pursued this appeal, and he now argues that the statute of limitations applicable to his action against Atieva in Arizona has lapsed. Because a motion to stay proceedings in favor of an alternative forum should only be granted where the alternative forum is available, Pontikis contends, the stay should be vacated and Pontikis's California action should be permitted to proceed.

The parties agree that the Arizona courts would apply a one-year statute of limitations, measured from the date of Pontikis's separation from employment to his claims.[4] Atieva maintains that at the time it filed its motion to dismiss, on September 27, 2021, Pontikis had approximately six months remaining on the Arizona statute to file there. Moreover, Atieva continues, it entered into a tolling agreement with Pontikis on April 1, 2022, extending Pontikis's time to file through September 30, 2022. Atieva's counsel also asserted at oral argument that Pontikis in fact filed claims in the Arizona state court, and that his case is proceeding in Arizona. Pontikis

---

attempt to meet and confer was made and explaining the reasons why the parties could not meet and confer. The 30-day extension shall commence from the date the responsive pleading was previously due, and the demurring party shall not be subject to default during the period of the extension. Any further extensions shall be obtained by court order upon a showing of good cause."

[4] Atieva cites Arizona Revised Statutes section 12-541 et seq., as the source of this one-year statute of limitations. This statute provides in pertinent part: "There shall be commenced and prosecuted within one year after the cause of action accrues, and not afterward, the following actions: [¶] . . . [¶] 4. For damages for wrongful termination."

disputed those assertions at oral argument to some extent, contending that his state claims were removed to Arizona federal court, and that some of his claims are no longer proceeding in Arizona. None of these assertions are substantiated in any filings to this court.

Pontikis raises no claim of error in his briefs concerning the second step of the forum non conveniens analysis; he does not contend that the trial court abused its discretion in finding the private and public factors weigh in favor of an Arizona forum for this case. Accordingly, he has waived any such argument on appeal. (See, e.g., *Christoff v. Union Pac. Railroad Co.*, *supra*, 134 Cal.App.4th at p. 125.)

We conclude that the trial court did not abuse its discretion in declining to exercise its jurisdiction in favor of an Arizona forum, if such a forum is available. However, it is unclear from the record before us that such a forum in fact remains available; the parties made competing assertions at oral argument concerning the continued availability of Arizona as an alternative forum. Faced with this circumstance, we adopt the same approach as our sister Court of Appeal in *Delfosse*. In *Delfosse*, the trial court found that another state's courts were a more convenient forum than California, but the statute of limitations had run in the other forum. (*Delfosse*, *supra*, 218 Cal.App.3d at pp. 690–691.) As *Delfosse* held, "[c]onditional dismissals provide an appropriate remedy to this dilemma. Courts are authorized to dismiss the matter upon the condition that the defendant . . . agree to waive the statute of limitations. [Citations.] This procedure avoids forum shopping by plaintiffs, prevents defendants from being forced to litigate claims in California when it is inappropriate to do so, and yet allows matters to be heard on the merits." (*Id.* at p. 691, fn. omitted; see also *Roman v. Liberty University, Inc.* (2008) 162 Cal.App.4th 670, 683 [affirming forum non

7

conveniens dismissal where defense counsel made a binding admission at oral argument that the statute of limitations had not run in alternative forum].) We do likewise here by reversing the trial court's unconditional stay of proceedings and remanding the matter with directions to the trial court to condition any further stay of proceedings on Atieva's waiver of any Arizona statute of limitations defense.

## DISPOSITION

The January 6, 2022 order staying this case on grounds of forum non conveniens is reversed and the cause is remanded. The trial court shall reconsider its stay order and determine whether to lift the stay or to maintain it on the condition that Atieva agree to waive any statute of limitations defense it has under Arizona law. The January 6, 2022 order granting M. Klein's motion to quash is affirmed. The parties shall bear their own costs on appeal.

_____

Van Aken, J.*

We concur:

_____

Stewart, P.J.

_____

Richman, J.

*Pontikis v. Atieva, Inc. et al.* (A164444)

* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.