Filed 11/28/23  Pontikis v. Atieva, Inc. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| STEFANOS PONTIKIS,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ATIEVA, INC., et al.,<br><br>        Defendants and Respondents. | A167580<br><br>(Alameda County<br>Super. Ct. No. RG21102685) |

Stefanos Pontikis appeals from an order maintaining a stay of proceedings in this case on the ground of forum non conveniens, entered on remand after a prior appeal in which we directed the trial court to consider a limited issue concerning the suitability of Arizona as an alternative forum for this dispute.  (See *Pontikis v. Atieva, Inc.* (Dec. 28, 2022, No. A164444) [nonpub. opn.] 2022 Cal.App.Unpub. LEXIS 7921 (*Pontikis I*).)

We will reject Pontikis' arguments and affirm the order staying this case.

1

## BACKGROUND

We incorporate by reference the factual and procedural background described in Pontikis' prior appeal and only state the facts necessary to dispose of this one.

Potonkis filed this employment lawsuit in California against his former employer and various affiliated entities (collectively Atieva), based exclusively on events that took place in Arizona which is where Pontikis worked and lived at the time of the events. (*Pontikis I*, *supra*, at \*\*1–3.) Atieva filed a motion to dismiss based on forum non conveniens, and the trial court ruled that California is not a convenient forum and that Arizona is an available and suitable forum. The trial court declined to dismiss the case but instead stayed it to permit Pontikis to file suit in Arizona. (*Id*. at \*\*1, 3.)

Pontikis appealed, arguing he is barred by the statute of limitations from bringing suit in Arizona and therefore Arizonia is not an available forum as a matter of law. (*Pontikis I*, *supra*, at \*1.)

We summarized the applicable law: "Section 410.30, subdivision (a), permits a trial court to 'stay or dismiss [an] action in whole or in part on any conditions that may be just' when the court finds that 'in the interest of substantial justice an action should be heard in a forum outside this state.' In determining whether to grant a motion to dismiss or stay on grounds of forum non conveniens, the trial court conducts a two-step analysis. First, it determines whether the alternate forum proposed is a " 'suitable' place for trial." [Citation.] 'A forum is suitable if there is jurisdiction and no statute of limitations bar to hearing the case on the merits.' [Citations.] If, as is argued here by Pontikis, the alternative forum is no longer available because the limitations period has expired, 'the general rule is that . . . a motion to dismiss based upon an inconvenient forum argument shall not be granted.' "

2

(*Pontikis I*, *supra*, at \*5.) "If the trial court determines that an alternative forum is suitable for trial, 'the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California,' " which is a discretionary determination that turns on the application of a number of factors but was not at issue because Pontikis claimed no error concerning the discretionary second step. (*Pontikis I*, *supra*, at \*\*4, 5.)

We concluded it was unclear from the record whether the Arizona statute of limitations had expired and thus whether Arizona was a suitable forum (step one). (*Pontikis I*, *supra*, at \*\*7–8.) Given that uncertainty, we adopted the approach of *Delfosse v. C.A.C.I., Inc.-Federal* (1990) 218 Cal.App.3d 683 (*Delfosse*), which approved the use of *conditional* orders granting forum non conveniens motions where the statute of limitations has already run in the more appropriate forum. (*Pontikis I*, *supra*, at \*\*7–9.) We reasoned that under *Delfosse*, in such a situation " '[c]ourts are authorized to dismiss the matter upon the condition that the defendant . . . agree to waive the statute of limitations. [Citations.] This procedure avoids forum shopping by plaintiffs, prevents defendants from being forced to litigate claims in California when it is inappropriate to do so, and yet allows matters to be heard on the merits.' " (*Id.* at \*9.) We stated we would do likewise by reversing the trial court's order staying this lawsuit unconditionally and remanding the case with directions to the trial court to condition any further stay of proceedings on Atieva's waiver of any Arizona statute of limitations defense. (*Id.* at \*\*8–10.) Our disposition stated: "The January 6, 2022 order staying this case on grounds of forum non conveniens is reversed and the cause is remanded. The trial court shall reconsider its stay order and determine whether to lift the stay or to maintain it on the condition that

3

Atieva agree to waive any statute of limitations defense it has under Arizona law." (*Id.* at **9–10.)

On remand, Atieva affirmatively represented, both in written submissions to the trial court (i.e., two case management statements) and orally at an April 3, 2023 case management conference, that it agreed to waive the statute of limitations under Arizona law, consistent with this court's decision. The trial court acknowledged the waiver and issued a case management order on April 3, 2023 maintaining the stay in effect. Pontikis then timely appealed from the April 3, 2023 case management order. (See Code Civ. Proc., § 904.1, subd. (a)(3) [authorizing appeal from order granting motion to stay action on the ground of inconvenient forum].)

## DISCUSSION

Pontikis argues, first, that the trial court did not comply with our directions. He asserts that "[i]nstead of . . . . performing the required task of evaluating the suitability or availability of an Arizona forum as [we] directed," the trial court "only entertained [Atieva's] preference of waiving the [statute of limitations] as a defense." The argument is difficult to follow, but he appears to contend the trial court erred by declining to address his argument that Arizona *lacks subject matter jurisdiction over this dispute* (specifically, due to the expiration of the statute of limitations).

"We review de novo a claim that the trial court did not follow the directions contained in the dispositional language of our previous opinion. [Citation.] We look to the wording of our directions, read in conjunction with the opinion as a whole." (*Ruegg & Ellsworth v. City of Berkeley* (2023) 89 Cal.App.5th 258, 264 (*Ruegg & Ellsworth*).)

4

There was no error.  Pontikis construes our disposition as if we invited the court to re-examine the suitability of an Arizona forum anew.  We did not.  The only issue Pontikis raised in the prior appeal was that, under the first step of the forum non conveniens analysis, Arizona is an unsuitable forum because his claims are barred there by the statute of limitations.  He did not argue separately that there would be any jurisdictional bar to proceeding in that forum.  Although in hindsight the language of our disposition might have been more clear, it must be construed in light of our discussion and resolution of that single issue.  (See *Ruegg & Ellsworth*, *supra*, 89 Cal.App.5th at p. 270 ["to the extent our disposition was ambiguous, it is to be interpreted ' "in light of the law and the appellate opinion" ' "].)  We did not intend to give Pontikis a second bite at the apple at overturning the court's initial decision to stay this case by allowing him to raise yet *new* reasons why Arizona might be unsuitable, apart from the single issue he raised on appeal.  The time for him to have raised such issues to attack the trial court's ruling on Atieva's non conveniens forum motion would have been in the prior appeal.  "Litigants are not free to continually reinvent their position on legal issues that have been resolved against them by an appellate court." (*Yu v. Signet Bank/Virginia* (2002) 103 Cal.App.4th 298, 312, disapproved on other grounds, *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 646.)

Read in light of our opinion, the sole issue we directed the trial court to address was whether to condition any further stay of proceedings on an agreement by Atieva "to waive any statute of limitations defense it has under Arizona law."  The trial court complied with our remittitur by confirming Atieva's agreement to waive the statute of limitations and then continuing the stay in effect.

5

In his reply brief, Pontikis argues that "[t]here is no conditional basis for allowing a defendant to escape the non-discretionary question of whether a forum is suitable by . . . submit[ting] to a waiver of the statute of limitations as a defense. . . ." That argument is forfeited. (See *Herrera v. Doctors Medical Center of Modesto* (2021) 67 Cal.App.5th 538, 548 (*Herrera*) [" 'It is elementary that points raised for the first time in a reply brief are not considered by the court' "].) It also conflicts with the law stated in our prior opinion which is now binding as law of the case. (See *Coffee-Rich, Inc. v. Fielder* (1975) 48 Cal.App.3d 990, 1000 (*Coffee-Rich*) [Where appellate court " 'states in its opinion a principle or rule of law, necessary to the decision, that principle or rule becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal' "].) And it conflicts with our directions to the trial court to condition any further stay on defendants' agreement to waive the statute of limitations, which the court was jurisdictionally bound to follow. (See *Karlsen v. Superior* Court (2006) 139 Cal.App.4th 1526, 1530 (*Karlsen*) [" 'When there has been a decision upon appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. *The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void*' "].)

Pontikis also argues in his reply brief (somewhat contradictorily) that we and/or the trial court erred by not imposing several additional requirements on Atieva that were approved and adopted in *Delfosse*. Specifically, an agreement to accept service in the alternate forum, a deadline to file suit in the alternate forum, and the alternate forum's acceptance of defendants' waiver of the statute of limitations. (See *Delfosse*, *supra*, 218

6

Cal.App.3d at pp. 692–693.) We reject that argument for similar reasons as his challenge to the statute of limitations waiver condition just discussed. The argument is raised improperly for the first time in the reply brief and thus forfeited (see *Herrera, supra,* 67 Cal.App.5th at p. 548); and it conflicts with the terms of our remittitur (see *Karlsen, supra,* 139 Cal.App.4th at p. 1530). The contention also is both moot *and* harmless: the record shows that Pontikis has filed suit in Arizona, the litigation is pending there and Atieva has appeared in the case and thereby submitted to the exercise of personal jurisdiction, and Atieva has not asserted a statute of limitations defense.

And, finally, Pontikis is wrong on the merits. Those additional elements were imposed in *Deflosse* as a condition of *dismissing* a lawsuit on forum non conveniens grounds, whereas here we imposed conditions on *staying* the action. The critical difference is that when a stay is granted, the trial court retains jurisdiction over the action and "can resume proceedings if the foreign forum proves unsuitable." (*Archibald v. Cinerama Hotels* (1976) 15 Cal.3d 853, 862 (*Archibald*); accord, *Wang v. Fang* (2021) 59 Cal.App.5th 907, 920–922; *Investors Equity Life Holding Co. v. Schmidt* (2015) 233 Cal.App.4th 1363, 1376.) Thus, "in determining whether to grant a motion based on forum non conveniens, '[t]he trial court . . . has considerably wider discretion . . . when it chooses to merely stay, rather than dismiss, an action . . . precisely because under a stay California retains jurisdiction." (*Investors Equity Life Holding Co.,* at p. 1376; see also *Archibald,* 15 Cal.3d at pp. 859–860.) "[W]hen the assessment of the alternative forum's *suitability* is dependent upon factors beyond the control of the California courts—such as the interpretation of another state's laws—then a stay of the California litigation might be justified, when an outright dismissal would not be." (*Investors Equity Life Holding*, at p. 1376.) Where, as in this case, the

7

assessment of a suitable forum depends on a defendant's stipulation to toll or waive the statute of limitations in the alternative forum, a California court may rely on that stipulation in granting a stay of proceedings because it will retain the power to resume proceedings if " 'if the foreign action is unreasonably delayed or fails to reach a resolution on the merits.' " (*Id.* at pp. 1376–1377.)  Thus, even if we or the trial court were empowered to revisit the question, it was unnecessary to impose additional requirements as a condition of staying this case beyond ensuring that Atieva would not raise a statute of limitations defense under Arizona law.

The fact that the trial court retains jurisdiction over the case and has not dismissed it also disposes of nearly all of Pontikis' remaining arguments. He posits numerous reasons why Atieva's express waiver of the statute of limitations cannot and will not be enforced by Arizona courts, and other reasons he might still be denied a hearing on the merits of his claim.[1]  They include speculation Atieva might raise the defense of laches, res judicata or lack of subject matter jurisdiction premised on the running of the applicable statute of limitations, as well as a contention that Atieva's waiver of statute of limitations violates public policy and thus is void (or "moot") under Arizona law.  All of these arguments are premature.  Because the trial court still has jurisdiction, nothing will preclude Pontikis from asking the trial court to re-evaluate the suitability of an Arizona forum if any of his concerns

---

[1]  We summarily reject his contention under California law that Atieva's waiver of any defense it has under the Arizona statute of limitations is unenforceable because it violates Code of Civil Procedure section 360.5. That statute requires written waivers of any statute limitations defense under "this title" to be in writing, and thus on its face applies only to a waiver of a statute of limitations defense under California law.  Furthermore, even if the statute applied, Atieva's written waiver sufficed.

materialize. We will not prejudge those questions in this appeal nor decide issues of Arizona law that are most appropriately resolved in the first instance, if necessary, by the courts of that forum. (See *Archibald*, *supra*, 15 Cal.3d at p. 862 [declining to speculate how Hawaiian courts would decide questions of Hawaii law, and noting that such questions "do[] not compel the trial court to conclude as a matter of law that Hawaii is not a suitable alternative forum"].)

Finally, Pontikis also asserts that some of his statutory claims under California law are not viable in Arizona. That issue was not within the scope of the trial court's jurisdiction to decide on remand, however. Moreover, the fact that California law might be more favorable to him does not render Arizona an unsuitable forum. As we previously noted, "[t]he suitability issue focuses on where the action can be brought, not where it may be won." (*Pontikis I*, *supra*, at \*2.) "[T]he law does not require that the alternative forum, in order to be 'suitable,' provide equivalent relief." (*Shiley Inc. v. Superior Court* (1992) 4 Cal.App.4th 126, 132.) " '[A]' showing that recovery would be difficult *or even impossible* in a foreign forum does not demonstrate that the alternative forum is inadequate.' " (*Id.* at p. 133; see also *Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 754 [under forum non conveniens doctrine, "the fact that California law would likely provide . . . certain advantages of procedural or substantive law cannot be considered as a factor in plaintiffs' favor"].)

We have considered Potonkis' remaining arguments and conclude they are without merit. In addition, Pontonkis has filed a request for sanctions against Atieva and we deny it.

9

## DISPOSITION

The order staying proceedings is affirmed.  Respondents shall recover their costs.

STEWART, P. J.

WE CONCUR:

RICHMAN, J.
MILLER, J.